JACKSON, ex dem. THE PEOPLE, v. WOOD.

Where the mortgagee has never entered into possession of the mortgaged premises, and no demand has been made, or interest paid, for twenty years, the mortgage will be presumed to have been satisfied.

And where, (the mortgage never having been registered)it is attempted to repel the presumption of payment, by the acknowledgments of subsequent purchasers of the land, the evidence of notice to them of the existence of the mortgage must be clear and explicit.

THIS was an action of ejectment, brought to recover lot No. 12, in *Bain's* patent, in the town of *Cambridge*, and tried before the chief justice, at the *Washington* circuit, 1814.

The premises in question were mortgaged by *Daniel Ellis* to *John Munro*, by mortgage, bearing date the 18th *April*, 1775, with covenant for the payment of 60l. current money of *New-York*, with interest annually, commencing on the 18th *April*, 1776. It did not appear that the mortgage had ever been acknowledged or registered. *Munro* was attainted for adhering to the enemies of the state, and judgment of attainder was signed on the 14th *July*, 1788. The mortgage, and an exemplification of the judgment were produced and proved, on the part of the plaintiff.

A witness, on the part of the plaintiff, testified, that he had known the premises in question, for 30 years past; that *Daniel Ellis* was succeeded, in the possession of the lot, by one *Dobbs*, who was succeeded by a Dr. *Hill*; then one *Brown*, succeeded, who purchased *Hill's* right to the premises, at vendue; that *Brown* sold to *Isaac Perine*; *Perine* to *Abraham Lake*; *Lake* to *Willard Trull*; *Trull* to *David Pierce*, whose right was acquired

by *Paul Cornell*, at public vendue, and that *Cornell* sold to the defendant.

Witnesses were produced on the part of the plaintiff, to rebut the presumption of payment, arising from the lapse of time.

*Willard Trull* testified that he purchased the premises in question, of *Abraham Lake*, in *April*, 1776; that at the time of his purchase he well understood there was a mortgage on the premises for sixty pounds, given by *Daniel Ellis* to *John Munro;* that when he sold the premises to *David Pierce*, he informed him of the existence of the mortgage, and told him if there should be any difficulty on account of it, he would give him *Lake's* deed, on which he might seek his remedy; that he had frequently spoken with *Cornell*, who, with one *Merrit*, acquired *Pierce's* right respecting the said mortgage; that he was present when *Cornell* sold to the defendant, and that he believes the mortgage was then spoken of, and it was then understood, if there should be any difficulty on account of the mortgage, resort could be had to *Lake's* deed.

*Asa Rice* testified that he had known the premises 26 or 27 years ago, when one *Hill* was in possession, and that *Hill* sold to *Brown;* that he had known all the persons, since in possession of the premises, and had heard them all acknowledge the existence of the mortgage given by *Ellis* to *Munro*, and that it was unpaid. On being cross-examined, as to which of the owners of the land he had heard acknowledge the existence of the mortgage, he said every one but *Brown;* and on being cross-examined as to the amount of the mortgage, he said, that the occupants, told him, that only forty acres were mortgaged, and that the sum was forty pounds.

The defendant then gave in evidence a deed of the premises in question, from *Brown* to *Perine*, dated the 5th *February*, 1792; a deed from *Perine* to *Lake*, dated the 21st *March*, 1793; a deed from *Lake* to *Trull*, dated 15th *April*, 1796; a deed from *Trull* to *Pierce*, dated 24th *June*, 1806; a deed from the sheriff of *Washington* county conveying the title of *Pierce* to *Cornell*, dated the 4th *August*, 1810; a deed from *Cornell* to the defendant, dated the 1st *April*, 1811. All which deeds were for the premises in question, and, (excepting the sheriff's) contained covenants of warranty, but no mention was made of the mortgage in either of them.

The chief justice charged the jury, that by the attainder, and

conviction of *Munro*, the people had become vested with his rights, and consequently might bring an action on the mortgage given to him; but that the plaintiff was not entitled to recover, inasmuch as the mortgage had not been recorded, and sufficient notice of its existence had not been brought home to the defendant, or those under whom he claimed, and that the jury had a right to apply the presumption of law, that the mortgage had been paid, to this case, it being of more than 20 years standing, and no sufficient circumstances existing on the part of the plaintiff to repel the presumption. Under which charge the jury found a verdict for the defendant.

A motion was made to set aside the verdict, and for a new trial.

*Van Vechten* and *Wendell* for the plaintiff. There can be no doubt, from the evidence, of the existence of the mortgage; and the question is, whether the plaintiff can recover under this mortgage, it not having been registered. The statute was made to protect *bona fide* purchasers; and the defendant must show himself to be a purchaser for a valuable consideration, and without notice; but, from the evidence, it appears that the defendant, and those under whom he claimed, had notice of the existence of this mortgage.

*Crary*, contra. The defence relied on in this case is a possession, for more than 20 years, under a claim of title. The lessors of the plaintiff claim under a mortgage, dated 39 years before the trial. The right of entry accrued to the mortgagee long before his attainder. In presumption of law, the mortgagor still continued in possession. As nothing was done by the mortgagee, it must, after so great a lapse of time, be presumed, that the mortgage had been satisfied, and settled, before this attainder; and its having remained so long unregistered, fortifies that presumption.

Again, a mortgage is no evidence of title, if the mortgagee has never entered, and no interest has been paid for 20 years.*

* *Jackson* v. *Hudson*, 3 *Johns. Rep.* 375. 386. 7 *Johns. Rep.* 283.

*Per Curiam.* The lessors of the plaintiff claim title to the premises in question, under a mortgage, bearing date the 18th of *April*, 1775, given by *Daniel Ellis* to *John Munro*, for 60*l.* The attainder and conviction of *Munro*, and the execution of

the mortgage, were duly proved; and the only question upon the trial was, whether the evidence offered was sufficient to rebut the presumption of payment, arising from the lapse of time. There was no witness who spoke of any acknowledgment of the several owners of the land, that there was any mortgage upon it, which was in force and unpaid, except *Asa Rice*; and he does not identify the mortgage now in question. The one he heard spoken of was for 40*l.*; and upon forty, instead of one hundred, acres of land. And he, too, contradicted himself, first saying he had heard all the owners acknowledge the mortgage, and afterwards admitting that he had never heard *Brown* make any such acknowledgment. And, besides, his knowledge of the lot seemed to be imperfect, and recent, when compared with the date of the mortgage. Under such circumstances, the jury might well question the accuracy of his memory. The acknowledgments spoken of by all the other witnesses were in reference to mere vague rumours, and by no means recognizing this as a valid subsisting mortgage, for which the owners of the land held themselves responsible. And their conduct shows, that they did not consider it in this light. For, in the numerous sales made of the premises, no deduction in the purchase money appears to have been made on this account; and warranty deeds were given, without any exception of the mortgage. No bond was shown; and the mortgage not having been registered, no discharge upon it was absolutely necessary to invalidate it. Payment of the bond would operate as a discharge of the mortgage. The presumption of the payment, and extinguishment of such an old outstanding mortgage, ought to be pretty liberally indulged. Where the mortgagee has never entered into possession of the mortgaged premises, twenty years without any demand, or any interest having been paid, has always been deemed a sufficient length of time to warrant the presumption of satisfaction. (3 *Johns. Rep.* 386. 7 *Johns. Rep.* 283. *Bull. N. P.* 110.) The mortgage not having been registered, cannot be set off against subsequent *bona fide* purchasers, unless notice of the mortgage is brought home to them. What is said by the court in *Jackson* v. *Given,* (8 *Johns. Rep.* 140.) is very much in point, that mere loose conversations will not warrant the inference of notice. And Lord *Hardwicke,* in *Hine* v. *Dodd,* (2 *Atk.* 275.) said, that mere suspicion of notice was not enough to break in upon the registry

NEW-YORK, May, 1815.

JACKSON v. TRUSDELL.

act; nothing short of fraud or clear and undoubted notice would do. The same doctrine has been recognised in other cases. Under these circumstances, the jury were fully warranted in presuming, either an extinguishment of this mortgage, or a want of due notice of its existence. The motion for a new trial must accordingly be denied.

Motion denied.