Parker, C. J.
This is the case of an administrator of a mortga gee attempting to foreclose the redemption by a judgment, forty-two years after the making and delivery of the deed, and without any entry under it, or any attempt to recover the debt by a suit on the note to which the mortgage was a collateral security, there having been an adverse possession for thirty-six years by those under whom the defendants claimed, which possession was exclusive under deeds from the mortgagor, made in the year 1779.
This statement of the case presents powerful, if not conclusive, objections to the claim set up by the plaintiff; and, in addition to these facts, the original deed was not presented at the trial, nor the collateral security, both of which, as appears from the copy from the registry of the deed, were payable in three months after their date. The copy of the deed was considered at the trial, under these circumstances, as not proper for admission to the jury ; but, the declaration having been amended, so as to contain an allegation that the *333 original deed was lost by time and accident, perhaps it ought to have gone to the jury, with such evidence as the plaintiff could produce, tending to show the loss of the original. But, on the whole evidence which was offered, the judge being of opinion that the action could not be supported, a nonsuit v/as agreed to, with liberty to move the whole Court to take it off and grant a new trial.
The nonsuit is to * stand, unless the evidence reported is [ * 382] sufficient, in the opinion of the Court, to encounter the presumption, arising from the length of time and other circumstances appearing in the case, that the debt has been paid, and the mortgage thereby virtually discharged.
And we are all of opinion that the nonsuit ought to stand, and that a verdict in favor of the plaintiff would have been contrary to evidence, and illegal. Double the time which the law has fixed, as furnishing a presumption of payment of a debt due by specialty, has elapsed ; and the parties to the contract have long since died, without any attempt, on the part of the mortgagee or his representatives, to claim any thing by the mortgage deed. The circumstances of Liscome, in the year 1776, have but little bearing against the presumption of payment, because, according to the contract, the debt ought to have been paid a long time before ; and there is no reason why the land should not have been resorted to, after the removal of Liscome out of the country and after his death, but that the debt had been paid.
No jury would establish the claim of the plaintiff under these circumstances, in the absence of the original deed, and without even a copy of the note. The situation of the mortgagee in Boston, in the year 1776, proves only a possibility that these papers may then have been destroyed, but not a probability of that fact ; for it is not probable that title-deeds, or securities for money, would have been left in so exposed a state by a man of common carefulness. The papers left in the counting-room were probably letters and other papers which had no value attached to them, and which it might have been inconvenient to remove.
Had the cause proceeded to trial, the judge would undoubtedly have directed the jury that the debt must be presumed to have been paid ; that is, that there was no sufficient legal evidence to encounter the presumption arising from the length of time which had elapsed since the contract was made.
Whether, if the evidence had been still stronger, the defendants could have been disturbed in so ancient a possession, * by the production even of the original mortgage deed [ * 383] without any actual possession under it, need not be de *334 termined, as the cause is very clear upon the other point. The non-suit is not set aside, and judgment must be entered for†
Costs for the defendants.

 Moore vs. Cable, 1 Johns. Ch. 385. — Grant et al. vs. Duane, 9 Johns. Rep. 591. — Demurest et ux. vs. Wynkoop et at., 3 Johns. Ch. 129. — Hughes et al. vs. Edwards et ux., 9 Wheat. 489.— Collins vs. Torrey, 3 Johns. R 386. — Harkey vs. Powell, 1 Hawkes, 17. — Shepherd vs. Murdock, 1 Murph. 218. — Lamar vs. Jones, 3 H. & McH. 328.— Pomeroy vs. Winship, post, 520. —Jackson vs. Pratt, 10 Johns. 381. — Perine vs Dunn, 4 Johns Ch. 140. — Turnstall vs. M'Lelland, Hard. 519. — Slee vs. Manhattan Company, 1 Paige, 48. — Isley vs. M' Croe, 4 Dess. 432.— Ward vs. Reeder, 2 H. & McH. 154. -— Brown vs. Griffiths, 6 Munf. 450. — Lewis vs. Bacon, 3 H & McH. 89. — Murray vs. Coster, 5 Johns. Ch. 582. — Klock vs. Hudson, 3 Johns. 375. — Jackson vs. Todd, 6 Johns. 257. — Jackson vs. Hardin, 4 Johns 202 —Jackson vs. Pratt, 10 Johns. 381, Jackson vs. Wood, 12 Johns. 242. — Matthews, Pres., p. 329.