## THOMAS H. CAMPBELL *vs.* ELIAS PATTERSON.

A writ of error does not lie to correct a misprison of the clerk, in entering up judgment for too large a sum, but the remedy is by application to the court in which the record is, to amend it.

Error to the county court for the county of Franklin. This writ was brought to reverse the judgment of the county court, in the suit *Elias Patterson* vs. *Thomas H. Campbell*, at their September term, A. D. 1833.

It appeared upon inspection of the record, that the original suit was upon a promissory note, dated February 26, 1816, alleged to have been made at Cambridge in this state, for the sum of $739 87, and made payable in thirty days with interest. The judgment of the county court, upon *nil decit*, was for the sum of $1693 68, damages and costs. Upon a computation it was found, that the

amount of the note, including interest at six per cent., to the date of the judgment, was only $1519 93. The error relied on was the rendering judgment for the excess, being the sum of $173 75, over and above the amount of the note.

FRANKLIN,
January,
1835.

Campbell
vs.
Patterson.

*Aldis for the plaintiff in error.*—The judgment upon which this writ is founded was rendered by the county court at their September term, 1833. The original action was assumpsit upon a promissory note, executed by Campbell to the defendant and one Asa Gardner. The note was dated, Cambridge, (Vt.) 26th February, 1816, and was for the sum of $739 87, and payable in thirty days from date, with interest.

The county court rendered judgment for the then plaintiff, Patterson, for the sum of $1693 68 damages.

The sum of $739 87, with interest on the same at six per cent from the date of the note to the last day of the term at which judgment was rendered, only amounts to $1519 93; and no larger sum for damages than $1519 93 ought to have been given.

1. The place where the note is dated must be taken to be the place where the contract was made, and the law of the place where the contract is made determines the rate of interest, unless it appears from the express terms or the nature of the contract, that the parties had reference to the laws of some other place.— 2 Kent's Com. 460.

In the present case there is nothing to show that the parties had reference to the laws of any other state than Vermont. It does not appear but that both parties lived in this state when the contract was made, and no foreign place is set for payment.

2. Admitting the residence of the defendant to have been in New York when the contract was made, yet mere residence in a foreign state has never been held a circumstance sufficient to determine the construction of the contract according to such foreign law.

The rule of law is, that the law of the place *where the contract is made* governs its construction, unless the transaction is entered into with a view to the law of some other country.—Burrows, 1077, *Robinson* vs. *Bland*.

But the doctrine contended for would change the principle to this, viz: that the law of the place *where the creditor resides* governs the construction, &c. The maxim, that "personal actions follow the person of the creditor," means nothing more than that such contracts may be enforced in any country which the creditor

FRANKLIN,
January,
1835.

Campbell
vs.
Patterson.

may choose, and that the debtor, to make a tender, must go to the creditor.—13 Mass. Rep. 1 and 6, *Blanchard* vs. *Russell*. 1 Cowen, *Sherrill* vs. *Hopkins*.

Suppose the payees of this note had endorsed it to a third person. To whom and at what place should the note have been presented for payment or protest, so as to hold the endorsers liable ? At the place of payment, which is the residence of the maker.— Bayley on Bills, 126, and cases there cited. 2 Pet. Cond. Rep. 351.

3. As foreign laws are admitted by other states only *ex comitate*, the court will exercise a discretion in regard to them ; and when, as in this case, they contravene the policy of our state, and operate to the injury of our citizens, they ought not to be sanctioned.

4. But even at seven per cent., the interest and sum make only $1649 95 ; while the judgment rendered is $1693 68.

A *remittitur damna* can only be entered by leave and direction of court. A judgment cannot be corrected or altered by a party. If parties had the right to correct mistakes in the judgments of courts, according to their own notions of right, records would soon cease to be the highest kind of evidence.

*Smalley and Adams for defendant in error.*—1. What damages was the defendant in error entitled to recover on the declaration in the court below ?

This question must be determined by the facts which the plaintiff below was entitled to give in evidence in support of his declaration.

Under this declaration he could have given in evidence a note made in China, and payable there.

In declaring on a foreign bill or note, it may be stated to have been made at any place in England, and this would be no variance, per Lord Ellenborough in *Houriet* vs. *Morris*, 3 Camp. Rep. 303. Bayley on Bills, 268.

The place of payment could not be stated in the declaration, unless the place of payment was specified in the note declared on. Bayley on Bills, 272. *Exon* vs. *Russell*, 4 Maul and Selwyn, 505.

The damages which the plaintiff below would be entitled to recover must be governed by the law of the place where the contract was to have been executed. *Robinson* vs. *Bland*, 2 Burr. 1077. *Royce and Henry* vs. *Edwards*, 4 Pet. Rep. 123. *Fanning* vs. *Consequa*, 17 John. Rep. 519. *Consequa* vs. *Williams*,

1 Pet. C. C. Rep. 225. 2 Cond. Rep. 353. *Sherrill* vs. *Hopkins*, 1 Cow. 107-8. *Thompson* vs. *Ketcham*, 8 John. Rep. 146. *Scofield and Taylor* vs. *Day and Gilston*, 20 John. Rep. 102. See 6 Cond. Rep. where all the cases are noted.

2. If there was error in the computation of damages, it is aided by the *remittitur* entered by the defendant in error on the record below.—2 Arch. P. 242. *Packwood* vs. *Wright*, 1 H. B. 643.

The opinion of the court was delivered by

PHELPS, J.—The error alleged in this case is, that the county court rendered judgment for more than the amount due upon the note. If this be so, it probably originated in the misprison of the clerk in entering up judgment in the case, and admits of an easy remedy by application to that court to correct its records,—a power which every court possesses and exercises in such cases in a summary way. A writ of error in such case is a proceeding not to be favored; and it becomes a question of some practical importance whether it lies at all.

Errors are of two kinds, viz : errors in law, and errors in fact. Writs for error in fact never lie, to draw into controversy any matter of fact litigated in the original suit, or which was put in issue by the pleadings. Error in law lies, where upon the facts apparent of record, the judgment is improper. But no writ of error lies to re-examine a question of fact depending upon the evidence in the original suit, nor to re-examine a mixed question of law and fact. Hence where the point depends upon evidence, and the inquiry is of a mixed character, a bill of exceptions is necessary to lay the foundation for a writ of error. And even where a bill of exceptions is allowed, and error brought, the only legitimate subject of inquiry concerns the correctness of the legal rules adopted, and the accurate application of them to the facts stated in the record. Even here, no evidence is received, nor inquiry allowed, upon evidence extraneous of the record, nor as to the sufficiency of evidence to establish any fact, except so far as the legal tendency of the evidence is involved, or its sufficiency may be determined by abstract rules.

In this case the error assigned is technically an *error in law*, and the question is, whether it is apparent upon the record before us, that the court below ought to have rendered a different judgment.

So far as the facts are conclusively determined by the pleadings in the case, they are to be taken as the basis of our decision, but so far as they depend upon evidence, which might have been the

12

FRANKLIN,
January,
1835.

Campbell
vs.
Patterson.

subject of discussion in the court below, every presumption is to be made in favor of the judgment of that court which is not positively inconsistent with the record. So far - as by the rules of law the facts must have been proved precisely as alleged, to that extent they are to be taken as having been so proved ; but where the proof may legally vary from the declaration, they are to be presumed to have so varied, if it be necessary to support the judgment.

Whether, then, error lies for rendering judgment for a different sum from that declared for, depends upon circumstances. If it appear, that the judgment was for a greater sum than the party would, in any event, and upon any supposable state of evidence, be entitled to, the judgment is doubtless erroneous. So, anciently, where the action was for a debt in *numero*, while the rule obtained that the plaintiff could recover only for the precise sum declared for, a recovery for any other sum was erroneous, and this although he declared for a greater sum than he is entitled to. *Duppa Exor* vs. *Mayo*, 1 Saund. 281. It is undoubtedly true, at this day, that the plaintiff cannot recover except *secundum allegata et probata*, and if the recovery exceeds the amount declared for, it is erroneous unless cured by a *remittitur*. But so far as the amount of damages is uncertain, depending upon evidence to be exhibited to the triers, it is very certain that their finding is conclusive and cannot be re-examined by writ of error. It would be repugnant to the nature of a writ of error, and utterly inconsistent with the proceeding upon it, to sustain it, upon a suggestion that the jury have erred in the computation of damages. Such a proceeding would necessarily lead to the re-examination of evidence, and overleap at once the wide distinction between proceedings in error and proceedings upon appeal.

The question then is, whether in this case the judgment is inconsistent with the declaration, or in other words whether there be any supposable state of evidence, admissable under this declaration, which would warrant the recovery.

The note in question is described as having been made at Cambridge in this state. It was not however necessary to prove a note executed at that place, but a note made elsewhere, even in another jurisdiction, would support the action.—*Honriett* vs. *Morris*, 3 Camp. 304. Bay. on B. 22, 305. So " the court will not take judicial notice, that a bill was drawn abroad, though alleged to have been made at Dublin." *Kearney* vs. *King*, 2 B. & A. 301. *Sprowle* vs. *Legge*, 1 B. & C. 16. Deybel's case, 4 B. & A. 243.

FRANKLIN
January,
1835.

Campbell
vs.
Patterson.

The note in question may be intended to have been made in New York where the payee resides. At all events, we cannot judicially know that it was not so, and if such an assumption is necessary to sustain the judgment, the fact may well be presumed, as proof to that effect was consistent with the declaration. If the note were executed in the state of New York, then the legal rate of interest in that state must be allowed, as it does not appear to have been made payable elsewhere.

But it is insisted that the judgment is too large, even if seven per cent. interest is allowed. But how are we to know judicially what is the legal rate of interest in that state? Besides, the note may have been executed in some jurisdiction where a higher rate is allowed. In short, as the declaration in the original suit admits of evidence which would warrant the finding, and as there is nothing apparent of record to negative the supposition, that such evidence was exhibited, it follows that the judgment is not, upon the face of the record, necessarily and conclusively wrong.

We do not admit, that we may be required upon this proceeding to re-examine the computation of a jury, or to correct a misprison of the clerk in the court below. If we admit such a practice, we may be required upon a writ of error to do it in any case, and even to reverse a judgment for some trivial error, occurring in some nice calculation of principal and interest, growing out of numerous endorsements. And in such a case, we can make no distinction in principle, between this case and one, where owing to payments, the amount recovered, although less than the original amount of the note, may be more than the plaintiff is in reality entitled to.

The plaintiff in error has mistaken his remedy. Instead of this process, he should have filed his bill of exceptions, if there were in reality any controversy as to the rate of interest, and brought before this court the facts, which would have enabled us to judge whether the court below acted upon any erroneous principle. If there has been a mistake through the misprison of the clerk, in computing the amount of the note, he should have applied to the court below to have it corrected. That court might either correct the error directly, or grant a new trial for a new assessment, unless the plaintiff below would remit the excess. Such application may be made even now.

Judgment affirmed.