BRADFORD HOWLAND vs. ALVAN SHURTLEFF.

Continued possession of mortgaged premises, by the mortgagor and his heirs, for twen-
ty years after the mortgage debt is payable, without any entry or claim by the mort-
gagee, constitutes a presumption in fact that such debt has been paid.

TRESPASS for entering woodland in Wareham, and cutting wood there growing. The plaintiff claimed the land under a mortgage deed, dated October 17th, 1794, from David Perry to Roland Leonard & Co. conditioned to be void upon the payment of £ 12·15, on or before April 17th, 1795, with lawful interest, and eighteen shillings for expenses. There was evidence tending to show that there formerly existed a partnership between Roland and Ichabod Leonard ; but the witnesses could not say whether the common name of the firm was Roland Leonard & Co. or Roland and Ichabod Leonard. The plaintiff then gave in evidence a copy of a deed from Roland Leonard and Ichabod Leonard to the plaintiff and Daniel Howland, Jr. dated December 15th, 1819, purporting to be a conveyance of the woodland in question.

It was in evidence that David Perry, the mortgagor, and his son and heir Salathiel Perry, remained in possession until 1818 or 1819, and that neither the mortgagees, nor any persons under them, had entered on the mortgaged premises, for condition broken, or otherwise, for more than twenty years from the time the debt, secured by the mortgage, became due.

The chief justice, before whom the case was tried, proposed to instruct the jury, that the continued possession of the mortgagor and his heirs for such a length of time, without entry or claim by the mortgagees, constituted a presumption in fact that the mortgage debt was paid, and, if so, that the plaintiff could not recover in this action. The plaintiff thereupon submitted to a nonsuit, subject to the opinion of the whole court.

*Coffin & Holmes*, for the plaintiff.

*Eddy & S. Miller*, for the defendant.

DEWEY, J. In furtherance of justice, and the more effectually to secure the rights of the parties in the investigation of

questions in issue, and especially in ancient transactions, the law calls to its aid the doctrine of presumption, under which the jury are authorized to find the existence of certain facts, as to which there is no direct evidence, but which are, under the rules of law, to be reasonably inferred from certain other facts which are well established by the evidence in the case. These presumptions, when they arise from lapse of time, and forbearance to assert claims, rest upon the principle so s.rongly pervading the general course of men's actions, in relation to their rights, that individuals will appropriate to their own use, and subject to their own control, that to which they have the legal right ; and that an abandonment, for a great length of time, of a legal interest, without any attempt to enforce it, furnishes reasonable ground for the inference that the party has in some way parted with his interest, or discharged his claim. 12 Ves. 265. 7 Cow. 198.

This principle, so reasonable in itself, operates beneficially in quieting controverted titles, and closing stale demands, and also protects individuals from gross injustice, arising from loss of evidence as to ancient transactions.

A question has been sometimes raised, whether the doctrine of presumption arising from the lapse of time and total neglect to take any measure to enforce a claim, could properly be applied to the case of a mortgagee of real estate ; and in some of the earlier English cases the doctrine was advanced that the common law presumption applicable to bonds, judgments, &c. arising from a delay of twenty years to enforce the same, did not apply in the case of a mortgage, as in such cases the legal estate was in the mortgagee, and the mortgagor was a mere tenant at will, and his possession was therefore the possession of the mortgagee. But this doctrine was repudiated by Lord Thurlow, in the case of *Trash* v. *White*, 3 Bro. C. C. 289, and by the master of the rolls, in *Christophers* v. *Sparke*, 2 Jac. & Walk. 223, in very strong language ; and the cases of debts secured by mortgages are placed on the same footing with other demands, and held liable to be defeated by the same presumptions, arising from lapse of time and laches of the mortgagee. Mathews on Presump. Ev. (Amer. ed.) 369. Patch on Mort-

gages, 418.  In our own court, the principle was applied in the case of *Inches* v. *Leonard*, 12 Mass. 379, under circumstances, however, of greater delay than in the present case, in asserting the claim of the mortgagee.  It was a case of a mortgage of forty years standing, where there had been no possession by the mortgagee, and no attempt in the mean time to enforce the mortgage ; and the court held that the plaintiff could not maintain his action.

The doctrine that where the mortgagee has never entered under his mortgage, and no interest has been paid, for twenty years, on the same, these circumstances authorize the presumption in fact that the mortgage has been discharged by payment or otherwise, is one of frequent application.  *Collins* v. *Torry*, 7 Johns. 278.  *Jackson* v. *Wood*, 12 Johns. 242.  *Jackson* v *Pratt*, 10 Johns. 381.  *Giles* v. *Baremore*, 5 Johns. Ch. 552, and the English cases before cited.  The lapse of time and the neglect to enforce the claim, while another was exercising an adverse possession, are grounds for a presumption in fact, which, unexplained and uncontrolled, authorizes a jury to infer that the mortgage is satisfied ; but this presumption of fact is always liable to be controlled by other evidence.

It seems to us that the proposed instructions to the jury and the ruling of the chief justice were entirely correct.  Here a period of more than twenty years had elapsed after the debt secured by mortgage became due, and during which time there was no evidence of any entry or claim by the mortgagees.  These facts, and the other circumstances disclosed in the case, would fully warrant the presumption in fact that the debt secured by the mortgage had been paid.

*Nonsuit to stand.*