## HOWARD *v.* HILDRETH.

When the mortgagor has retained the possession of the premises mortgaged for more than twenty years after the execution of the mortgage, but has acknowledged the debt and paid interest upon it within twenty years, there is no presumption that the debt is discharged.

Section 1, of chapter 181, Revised Statutes, limiting real actions to twenty years after the right of action accrued, does not apply to actions upon mortgages; at least, not until twenty years after the mortgagee has elected to pursue his remedy upon the mortgage.

If the cause of action upon a mortgage were considered as accruing immediately upon the execution of it, the statute could not apply to a mortgage made more than twenty years before the passage of the statute.

WRIT OF ENTRY, wherein the plaintiff demands a piece of land in Mason.

Plea, that the cause of action did not accrue within twenty years; upon which issue was joined.

To support his claim, the plaintiff introduced a mortgage deed, dated May 22, 1822, made by the defendant to Elijah Hildreth, conditioned for the payment of a note made by the defendant to said Hildreth, or order, May 21,

1822, for the sum of $100, on demand, with interest; which note and mortgage were transferred and assigned to the plaintiff, April 30, 1844. There were three endorsements upon the note; one in July, 1829; one on the 4th of January, 1830, and one on the 6th of October, 1837.

The plaintiff then offered evidences of a new promise by the defendant to pay the note.

To the admission of this evidence the defendant objected, "on the ground that a new promise to pay the note cannot take the mortgage out of the statute of limitations."

The court overruled the objection, to which the defendant excepted.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court upon the foregoing case.

*Farley & Fletcher*, and *Bell*, for the plaintiff.

*Preston*, for the defendant.

PARKER, C. J. Aside from the provisions of the Revised Statutes, this case would readily be settled by the authorities.

Where the mortgagor has retained possession of the premises for the term of twenty years after the execution of the mortgage, without any payment upon the debt, or any claim by the mortgagee, a presumption arises that the debt has been paid. 12 Johns. 242, *Jackson* v. *Wood;* 10 Johns. 392, *Jackson* v. *Pratt;* 2 Har. & McHen. 9, 18, *Morgan* v. *Davis.*

But this being a presumption of fact only, may be rebutted. 12 Mass. 381, *Inches* v. *Leonard;* 2 Met. 26, 28, *Howland* v. *Shurtleff;* 4 Cranch 420, *Higginson* v. *Mein.* See also 3 Brown's Ch. Cas. 289, *Trash* v. *White*, and note. In *Toplis* v. *Baker*, 2 Cox's Cas. in Chanc. 118, it was held that there was no general rule in that court for presuming

a mortgage satisfied after twenty years, or any other period of time elapsing without payment or demand of principal or interest, and that if a jury should presume the bond satisfied which is given as a collateral security to the mortgagee, yet the mortgagor is not thereby prevented from showing the truth of the case in that court, if in fact the money has not been paid.

The defence here is founded upon section 1, chapter 181, Revised Statutes, which provides that "no action for the recovery of any real estate shall be maintained, unless such action is brought within twenty years after the right first accrued to the plaintiff, or to any person under whom he claims, to commence an action for the recovery thereof."

There are two reasons why this provision cannot avail to defeat this action.

The mortgage being regarded as a mere security for the debt—as a charge upon the land, and not as a legal title, until the mortgagee elects to seek his remedy upon it—we cannot hold that the cause of action accrues upon it to recover the land, within the meaning of this statute, until that election is made ; and the statute, therefore, does not apply to a mortgage, at least not until the mortgagee elects to enforce his title for the purpose of availing himself of his security. Until that time, the possession of the mortgagor is not adverse.

Moreover, this mortgage had existed more than twenty years before the passage of the statute. To apply the limitation of the statute to this case, even supposing the cause of action to have accrued on the execution of the mortgage, would give the statute a retrospective operation. 3 N. H. Rep. 473, *Woart* v. *Winnick*.

*Judgment on the verdict.*