ABNER H. MCARTHUR AND AL. *versus* GEORGE STARRETT.

An *error in law* must always appear upon the record ; and a memorandum filed with the papers in the case showing how the judgment was made up, is no part of the record.

An error in fact may be shown by proof of some fact not apparent upon the record, but affecting *its validity*, or the regularity of the proceeding itself.

A judgment may be reversed upon writ of error, for an error of either kind, but in either case it must be shown that it was such an error as existed without the fault, or legal capacity of the party injuriously affected by it to prevent it.

Error does not lie for the correction of errors in the taxation of costs by the clerk, when assigned as errors in fact, the proper remedy being by an appeal.

The facts in the case were agreed by the parties.

This is a writ of error to reverse a judgment for costs recovered by defendant in error against the plaintiffs, at the March term of the court, 1856, and taxed by the clerk.

Plea is " *in nullo est erratum.*"

The defendant in error formerly resided in Augusta, Maine, but had removed to Richmond, Virginia, and was temporarily in said Augusta at the time of the service of the original writ upon him, and traveled from said Richmond to Augusta for the purpose of attending the trial, as stated in his certificate on file.

The witness Hammington, traveled from Boston, Massachusetts, according to his certificate on file.

*Bradbury, Morrill, & Meserve,* counsel for plaintiff in error.

*Samuel Titcomb,* counsel for defendant.

MAY, J. The error for which a judgment may be reversed, by writ of error, may exist, either in the foundation, proceedings, judgment or execution of the suit. Howe's Prac., book 2, chap. 13, sec. 3, and the cases there cited. It may be an error in law or in fact. If it be the former, it

must always appear upon the record; if the latter, it may be shown by proof of some fact, not apparent upon the record, but affecting its validity, or the regularity of the proceeding itself; such as the death or insanity of one of the parties at the commencement of the suit; or the appearance of an infant in a personal action by an attorney, and not by guardian. In such cases and the like there is error *in fact* existing, without any fault, or legal capacity to prevent it, on the part of the party seeking to correct it. The law, therefore, deems a writ of error an appropriate remedy for the correction of such errors. Bouvier Law Dic., vol. 2, p. 501; Knapp v. Crosby, 1 Mass., 479; White v. Palmer, 4 Mass., 147; Colby's Prac., p. 338. But in cases where the facts alleged are such as do not affect the validity or regularity of the proceeding itself, and in which a party having legal capacity to act, has had a full and fair opportunity upon legal notice to avail himself of such facts, in a court having competent jurisdiction, but has voluntarily or by his own laches waived his rights in regard to any defence which might have been sustained by them, this process cannot afterward be maintained. So too where such party appears and omits to plead any matter which he might have pleaded in abatement of the suit; or where he neglects to offer any evidence which he had, material to the issue, or which, when offered, was excluded by the court; or where any other ruling was made which did not become a matter of record, as formerly under the statute of Westminster 2d, chap. 31; or where a party had a remedy by appeal and did not exercise it, having a capacity and opportunity to do so, the facts which might have been available in any of these modes, cannot afterward be assigned as error for the reversal or correction of the judgment which has been so obtained. Howard v. Hill., 31 Maine R., 420; Jewell v. Brown, 33 Maine R., 250; Gay v. Richardson, 18 Pick., 417; Riley v. Waugh, 8 Cush., 220; Campbell v. Patterson, 7 Verm., 86; Whitwell v. Atkinson, 6 Mass., 272.

In the case now before us the original defendant seeks the reversal or correction of a judgment for costs which were

McArthur *v.* Starrett.

taxed for the original plaintiff by the clerk. They were taxed and allowed without any notice to the defendant in the action, no notice having been given by him to the clerk, by an entry upon the docket or otherwise, of any desire on his part to be heard in the taxation. The error assigned and relied on, is the allowance to the plaintiff of $51,48, at each of three terms of this court, for his travel from Richmond, Virginia, to Augusta, Maine, he having made affidavit that he did actually so travel at each of said terms, for the purpose of attending to said suit. A memorandum exhibiting the items of cost, as taxed and filed with the papers in the case, shows such allowance. Such memorandum is no part of the record. Storer v. White, 7 Mass., 448; Kirby v. Wood, 16 Maine R., 81. In the case of Valentine v. Norton, 30 Maine R., 194, it is said by SHEPLEY, C. J., in the opinion of the court, that " nothing is presented by the writ of error to a court of errors but a transcript of the record. Papers and documents filed in the case, but not incorporated into the record, constitute no part of it." It was therefore held in that case, that " no correction of the errors alleged to have been committed in the taxation of costs could be made by an assignment of them as errors in law."

When an illegal taxation appears upon the face of the record the error is one of law, and it is decided in the case last cited, that for such an error a writ of error will lie. So also in Massachusetts, Waite v. Garland, 7 Mass., 453; Mansur v. Wilkins, 1 Met., 488. Where no error is apparent upon inspection of the record, if one exist, it is an error in fact; a fact, however, of such a nature and occurring under such circumstances, that according to the authorities before cited, a writ of error will not lie for its correction. For such irregularity in the taxation of costs by the clerk, the remedy is by appeal. Jacobs v. Potter and al., 8 Cush., 236; Day v. Berkshire Woolen Co., 1 Gray, 420. Such is the law of Massachusetts, and our rule of court providing for an appeal from the taxation of costs by the clerk being substantially like the R. S. of that state, chap. 121, sec. 28, no reason is

perceived why the law of this state, in like cases, is not the same. The plaintiff in error had the right to be heard in the taxation of the costs in the original action, and if dissatisfied therewith to appeal to a judge of this court, sitting at *Nisi Prius*, or in vacation, and if he voluntarily waived such right, and error has occurred, he cannot justly complain that the law now denies him the remedy which is sought. If the question as to the legality of the clerk's taxation, which was intended to be raised in the present case, had been presented at *Nisi Prius*, and the ruling of the presiding judge upon it had not been satisfactory, upon exceptions duly taken, the opinion of the full court might have been obtained. If there be any error in such taxation, of which we give no opinion, whether the plaintiff in error has any remedy, we are not now called upon to decide.·

*Judgment affirmed.*

RICE, J., *dissenting.* The defendant now resides in Richmond, Va. He formerly resided in Augusta, Maine, and was temporarily in that place when the writ in the former action was served upon him. The original action was continued several times before it came to trial. The defendant's attorney resides in Augusta. For three terms of court, while the original action was pending, cost was taxed for the defendant, and allowed by the clerk, for travel from Richmond, Virginia., to Augusta, from which place he certified that he actually traveled to attend court in that action.

Fees were also taxed and allowed the defendant for a witness, for travel from Boston to Augusta, at three different terms of the court.

The plaintiff brings this writ to reverse the judgment, so far as the fees for the travel of the defendant and his witness, beyond the line of the state, constitute a part thereof, alleging that the judgment is, to that extent, at least, erroneous.

Error is a mistake in the foundation, proceeding, judgment, or execution of a suit in a court of record in matter

McArthur *v.* Starrett.

of law or fact; and to correct which a writ of error lies. Co. Lit., 288, b.

The jurisdiction of our Supreme Court does not extend beyond the territorial limits of the state. It has no power over the persons of parties or witnesses beyond the limits of its territorial jurisdiction. It cannot compel the attendance, at court, of such persons; nor are persons residing beyond its jurisdiction, ever in contemplation of law, in attendance upon the court as parties or witnesses. Officially, therefore, it cannot take cognizance of the fact, that parties, before it, reside beyond its jurisdiction, or of their acts while beyond the limits of the state. The cost allowed for the travel of the defendant and his witness for travel beyond the line of the state was illegal, and should not have been allowed. White v. Judd, 1 Met., 293; Melvin v. Whitney, 13 Pick., 190.

Can this illegal taxation be corrected on a writ of error?

It is contended that it cannot, because, it is said, error will not lie where a remedy may have been had by appeal. That such is the general rule is undoubtedly true. But the rule is subject to qualifications. Jewell v. Brown, 33 Maine R., 25. Among other exceptions, in this state, error may be maintained to obtain relief from an illegal taxation of costs. Valentine v. Norton, 30 Maine R., 194. The law was formerly the same in Massachusetts. Field v. Turnpike corporation, 5 Mass., 389; Wait v. Garland, 7 Mass, 453; Thomes v. Seaver, 12 Mass., 379.

In the case of Valentine v. Norton, cited above, SHEPLEY, C. J., in giving the opinion of he court, says:

"A writ of error may be maintained to obtain relief from an illegal taxation of costs. When such taxation is apparent, on inspection of the record, it is one of law. In the present case the errors respecting costs are assigned as apparent of record, yet upon inspection of record no such errors appear.

"The counsel for the plaintiff in error contends, that a memorandum exhibiting the costs taxed, and filed with the

papers in the case, is to be regarded as a part of the record. Nothing is presented by a writ of error to a court of errors but a transcript of the record. Papers and documents filed in the case, but not incorporated into the record, constitute no part of it. No correction of the errors alleged to have been committed in the taxation of costs could be made in this case by an assignment of them as errors of law."

The alleged errors, in the case at bar, are not assigned as errors of law. They are errors of fact, not appearing in the record, but come before us by agreement of the parties, substantiated by the papers filed in the original case.

The counsel for the defendant in error relies upon two cases recently decided in Massachusetts, and reported in 8 Cush., 236, and 1 Gray, 420. In these cases that court have adopted a different rule from the one formerly adopted by the same court in the cases already cited above. For this change they give no reason, except that the remedy for any irregularity in the taxation of costs by the clerk is by appeal.

No reference is made to the former decisions of that court upon similar questions.

But the true reason probably was, that the legislature of Massachusetts, in chap. 52, law of 1829, re-enacted in R. S. of 1836, chap. 121, made specific provisions for appeal by any party aggrieved in the taxation of costs by the clerk; and any questions of law arising out of the decision of any court or judge before whom such appealed question should be tried, may be carried before the full court on report or exceptions under the provisions of chap. 81, R. S. No such statute exists in this state.

The cases in Massachusetts, reported in the 5th, 7th and 12th vols. of their reports, were decided before the statutes above referred to were enacted, and while the rule of that court for the taxation of costs was in the *same words* as the rule existing in this, at the time the opinion in Valentine v. Norton was announced. It thus appears that in the absence of statute regulation, under the same rule of court, the high-

est judicial tribunals of Massachusetts and of this state, have held that a writ of error is the remedy for a mistake in the taxation of costs. The rule has been changed in Massachusetts by legislative interference. But there has been no corresponding change by legislative enactment in this state.

It may be worthy of notice, that the early decisions in Massachusetts occurred before our separation from that state, and are therefore binding upon us as the authority of our own court.

It may also be remarked, that the same rule now exists in this state for the taxation of costs which formerly existed both here and in Massachusetts, except that in the revisions of our rules in 1855, 37th Maine R., 578, in rule 32, after providing that either party dissatisfied with the taxation by the clerk, may appeal to the court, or to a judge in vacation, was added these words: "*from whose decision no appeal shall be taken.*"

Under such a rule it is submitted that the right of an effectual appeal on a question of law cannot with propriety be said to exist.

Practically this change of the rule will subject parties to much inconvenience. They must now make an entry upon the docket "to be heard in costs," and must attend before the clerk for that purpose in all cases, or they will be absolutely remediless, however great may be the errors committed by that officer in taxing costs.

In view of these facts, the recent cases in Massachusetts cannot be deemed authority in this state, even in case our court was disposed to adopt, without inquiry, every change which the eminent tribunal of our parent state may be pleased to make.