JOSEPH CHEEVER *vs.* JOSEPH G. PERLEY.

The presumption of payment of a mortgage debt in favor of a mortgagor, who has been in uninterrupted possession of the mortgaged premises for twenty years, is not conclusive; but parol evidence, if relied upon to control it, should clearly show some positive act of unequivocal recognition of the debt within that time.

WRIT OF ENTRY brought in November 1864 to foreclose a mortgage of land in Saugus, executed by Lambert Tuttle to Levi Robinson in 1833, to secure payment of the sum of four hundred dollars.

At the trial in the superior court, before *Putnam*, J., without a jury, it appeared that in 1836 Tuttle conveyed the premises to the defendant, subject to the mortgage; and in 1837 Robinson assigned the mortgage and note to the plaintiff's intestate. The defendant contended that the mortgage was barred by the statute of limitations, and that the note must be presumed to have been paid. To rebut the presumption of payment, the plaintiff offered the following testimony:

Joseph Cheever, the plaintiff, testified that "the defendant called on him to borrow four hundred dollars, and urged him for it; that he knew his son (the plaintiff's intestate) had the money, and he went with his son to the defendant, and his son let him have the money, and Robinson transferred the mortgage to his son. His son died sixteen years ago last August. The defendant never paid his son, though he promised faithfully to do it; and he called on the defendant a good many times, before his son's death and since, for the interest money on the note. The defendant once offered to give his son a mortgage on another house, in payment of the interest on the note. At other times he said he could not then pay, but would. He called within a year after his son's death. The defendant said to him once, since his son's death, that he did not know as he owed anything on the note, that his son had told him (the defendant) that he did not know as he should ever call on him for the note. The defendant never refused to pay till this last time he called, which was last fall."

On cross-examination he said that "he could not tell when he first called on the defendant for the money; could not say whether twenty or fifteen years ago; should think longer than ten years; could not give any idea when it was; could not say when first he called after his son's death; the defendant said he would pay the interest on the note by a new mortgage, before his son died; did not know how long ago this was; never found or saw any will of his son."

John Raddin testified that "he was at the defendant's house several months ago, when he spoke of a suit against him by Cheever. He asked the opinion of the witness, as to what he

thought of a mortgage which had been standing upwards of twenty years; whether it was good. He said he was sued for the money, and Cheever had always given him to understand that he intended to give him the note; that he had urged Cheever to take interest, which he had refused; that the defendant asked him why he refused, and that he said, he need not trouble himself about it till he did; that he took it for granted, from that, that Cheever intended to give him the mortgage. He said he supposed there was a will, but could not find out; but if there was one, the note was undoubtedly given to him."

This was all the evidence offered by the plaintiff; and the defendant offered no evidence.

The defendant's counsel then insisted that this evidence was not sufficient, in point of law, to remove the presumption of payment; but the judge ruled otherwise, and decided as a matter of fact that the note was not paid, and found for the plaintiff. The defendant alleged exceptions.

*S. H. Phillips*, for the defendant.

*T. B. Newhall*, for the plaintiff, cited *Denny* v. *Eddy*, 22 Pick. 533; *Bass* v. *Bass*, 8 Pick. 187; *McDowell* v. *McCullough*, 17 S. & R. 51; *Goldhawk* v. *Duane*, 2 Wash. C. C. 323; *Christophers* v. *Sparke*, 2 Jac. & Walk. 223; *Trash* v. *White*, 3 Bro. C. C. 289; *Toplis* v. *Baker*, 2 Cox Ch. Cas. 118; *Meade* v. *Bandon*, 2 Dow, 268; *Reeves* v. *Brymen*, 6 Ves. 519.

COLT, J. The common law presumption of payment of the debt secured by a mortgage, which arises in favor of the mortgagor who has been in uninterrupted possession of the mortgaged premises for a period of twenty years, is not a conclusive presumption of law, but may be controlled by evidence of part payment of principal or interest, or other admissions or circumstances from which the jury would be authorized to find the debt still unpaid. And the question here is, whether the evidence produced was sufficient to defeat the presumption, the burden of proof being upon the plaintiff.

Trial by the jury having been waived, the case was passed upon by the court. The whole evidence is reported, and the defendant excepts to it as insufficient in law to support the finding

of the judge. A consideration of the weight of the evidence does not decide the question upon exceptions taken in this form. Whether the finding was against the evidence can only be considered upon a motion for a new trial. We are limited here to the inquiry whether there is any evidence, however slight in tendency, proper to be submitted to a jury, to prove the facts sought to be established. If there is no evidence, then the finding of the court must be set aside and treated as an error in law. *Forsyth* v. *Hooper, ante,* 419. *Polley* v. *Lenox Iron Works,* 4 Allen, 329. *Chase* v. *Breed,* 5 Gray, 443. *Commonwealth* v. *Ober,* 12 Cush. 498.

In examining the evidence, we cannot see that there was any recognition of the validity of this mortgage shown by any admission or act of the defendant within the period of twenty years. Upon the defendant's objection, the evidence, if any, afforded by the indorsements on the note was ruled out, and the decision of the court rested solely upon the testimony of the plaintiff and one other witness. The plaintiff's testimony in reference to the payment of four hundred dollars by his intestate to the defendant at the time of the assignment of the mortgage from Robinson had reference to a transaction which took place twenty-seven years before this suit was brought, and has no bearing upon the presumption arising from the conduct of the parties during the twenty years immediately preceding the date of the writ. The plaintiff also states that the defendant at other times promised to pay his son, and to give a mortgage on another house in payment of interest, but he fails to fix the time of any promise within the twenty years. He says, indeed, that the defendant never refused to pay until the last time he called upon him; but we think mere silent acquiescence in the plaintiff's demand is not sufficient to repel the presumption. Some positive act of unequivocal recognition, like part payment or a written admission, or at least a clear and well identified verbal promise or admission, intelligently made within the period of twenty years, is required. Parol evidence, testimony of loose conversations had many years before, is to be cautiously received, when offered to defeat a presumption so beneficial in

quieting titles to real estate. The testimony of the other witness is open to the objections and falls short of the requirements above stated. It is to be remarked that the defendant was in no way personally bound for the payment of the mortgage debt, which was contracted by another party, and had no interest to extinguish the mortgage except as owner of the equity of redemption. The considerations stated are certainly quite as weighty, under these circumstances, in the defendant's favor. *Howland* v. *Shurtleff*, 2 Met. 26. *Denny* v. *Eddy*, 22 Pick. 533. *Jackson* v. *Wood*, 12 Johns. 242. *Dexter* v. *Arnold*, 1 Sumner, 109. *Whiting* v. *White*, 2 Cox Ch. Cas. 290. *Hughes* v. *Edwards*, 9 Wheat. 498. *Exceptions sustained.*