JUDGE OF PROBATE *v.* RICE.

In an action upon a probate bond, the judgment for the plaintiff is for the penalty of the bond without interest, and but one bill of costs is to be taxed.

DEBT, upon the bond of the defendant as executor of the will of Arabella Rice. The defendant had been defaulted. The plaintiff claimed judgment for the penalty of the bond, and interest thereon from the date of the writ. Upon the hearing in chancery on the forfeiture, twenty legatees under the will appeared and endorsed their names upon the writ, and gave separate bonds with sureties to pay such costs as might be adjudged against them. Each of the legatees claimed to recover costs. The questions, whether the plaintiff should have judgment for the penalty of the bond with or without interest, and whether the legatees should have separate costs, were reserved.

*Goodall, Frink*, and *Thompson*, for the plaintiff.

*W. H. Y. Hackett*, for the defendant.

CLARK, J. Gen. St., c. 187, s. 7, relating to probate bonds and suits thereon, provides, that "When it shall appear upon confession, verdict, demurrer, or in any other way, that the penalty of such bond is forfeited, judgment shall be rendered against the defendant for such penalty; and such judgment shall be security for all interested." In accordance with this provision of the statute, the judgment in this case should be for the amount of the penalty of the bond at the time when the default was entered; and no interest should be allowed previous to that time.

As to the question of costs, we think but one bill of costs should be

allowed.   There is but one suit, and but a single question in issue.  If the defendant had prevailed, he would have recovered only one bill of costs, and but one bill of costs should be taxed against him.  *Prescott* v. *Bartlett,* 43 N. H. 298 ; *Parker* v. *Colcord,* 2 N. H. 36, 39 ; *Thomas* v. *Sever,* 12 Mass. \*379 ; *Ticknor* v. *Harris,* 15 N. H. 106.

<div align="right">

*Case discharged.*