Savage, Ch. J.
.(after stating the facts.) The appellant contends, that, as a purchaser, she ought not to be compelled to take a doubtful title. That proposition is undoubtedly correct in a proper case. Upon a bill for a specific performance of a contract for the sale of real estate, there is no doubt that a court of equity will avoid compelling a purchaser to take a doubtful title. So also of a purchaser under the foreclosure of a mortgage, and analogous cases. But in partition generally, and in this case particularly, there is no disputo, as between the parties about the *365 title. [1] Their rights are determined when the order for partition is made. Suppose actual partition might have been made in this case; no *notice could have been taken of incumbrances. Each takes the share allotted to him, and subject to such liens as exist upon it. The business of the court, in this simple suit, is not to draw into discussion various and conflicting rights and equities of incumbrancers. The property is divided cum onere.
In England the property is always divided unless a compromise takes place. No power exists there to order a sale of the premises. Here the sale is a statute regulation ; but I apprehend, that was intended to facilitate the object of the suit; not to embarrass the proceedings by drawing into discussion matters unnecessarily connected with it.
The respondent, Mersereau, contends that the judgment creditors ought not to be made parties; and, I apprehend, the true role is, that no persons are to be made parties except those who have a present interest in the premises. [2] Hence in Barring v. Nash, (1 V. & B. 550,) it was decided chat partition might be made between tenants for life, without making the owner of the inheritance a party.
In conformity with this principle, it was held by Chancellor Kent, in Wotton v. Copeland, (7 John. Ch. Rep. 140, '1,) that mortgagees and judgment creditors cannot be compelled to join in such a suit, (a) In that case they were joined; and the bill prayed for partition or sale, and that the incumbrances might be paid out of the proceeds. The chancellor said the creditors had no concern with the par *366 tition, =and ¡their rights could not be affected by it; .and, as to them,.dismissed the bill with costs. .
.Onthat ground the.decree-in this case should be affirmed, #lt is unnecessary, therefore, to say anything to the .other points in the cause. But it may-be.observed, taking ^ie answer for.true, as we jnust in this cáse, there can.be nothing more clear than that, the judgments are no liens * * upon the premises. The case is precisely withinthe prin°i^e decided in Ogden v. Saunders, (12 Wheat. .213,)that an insolvent law of a state which discharges the petson -and future Requisitions ,óf a debtor, is constitutional .and valid .as respects contracts made between citizens,of such state subsequent to .the .passing of the law. Here the contracts upon which judgments .were obtained,,were entered into after ¡the passing of the law; and,the title to.the premises .was acquired subsequent to the discharge. On this ground there .is no pretence .for calling in¡these judgment .creditors.
I am, therefore, of opinion,, on both tliese grounds, that the decree, of .his .'honor, the. chancellor, he affirmed.
Woodward, J. concurred.
Sutherland J..not having heard .the ■ argument, gave no opinion.
By the other members of the court, .unanimously,
Decree affirmed

 If, however, there be a doubt inthe plantiff’s title, courts of equity will leave the parties to their remedy at law. Cartwright v Pultney, 2 Atk. 380. Hosford v. Marvin, 5 Barb. 52.

 Burhans v. Burhans, 2 Barb. Ch, R. 398-408.

 Swan v. Swan, (8 Price, 518) was a bill for partition of premises mortgaged by the common owners to a third person. At the hearing,
Matthews, for the defendant, contended that the mortgagee should have been before the court, as he was a party interested. But
Per Curiam. The court cannot make a mortgagee agree to a partition, because he is entitled to the whole.
And they made a decree on the merits, without the mortgagee being made a party.