## CLOUGH vs. I. & F. HOFFMAN.

Where on the *dissolution* of a firm, one of the partners covenants to pay all the *company debts*, in an action against him for a breach of that covenant by his partner, who has been compelled to pay a debt of the firm, it is not necessary to aver *notice* to the defendant of the debt, nor of the suit, recovery and payment.

DEMURRER to declaration. The declaration contains three counts. In the first count, it is stated that the parties having been co-partners in trade, the partnership was dissolved on 8th January, 1827, when the defendants entered into a covenant *to pay off and fully discharge all the company debts* due from the firm, and to hold and save the plaintiff harmless and indemnified from the payment of the same, and from all costs and charges thence arising. The plaintiff then

avers a general non-performance on the part of the defendants, by means whereof he was on 17th April, 1827, called upon and obliged to pay, and actually did pay one James Tucker $51,19, the amount of a judgment recovered by Tucker, before a justice, in a suit against the plaintiff, and the defendants for a *company debt.* The *second* and *third* counts are substantially like the first, averring payment by the plaintiff of the debt to Tucker, and that it was a *company debt,* but containing no general allegation of non-performance. In the second count it is stated that the books and accounts of the firm were assigned to the defendants, and it is admitted that in the suit of Tucker, the defendants were not served with process. To each of the counts the defendants demurred.

*J. A. Spencer,* for defendants, insisted that the several counts of the declaration were defective in not averring *notice* to the defendants of the debt to Tucker, of the suit and recovery against the plaintiff, and of the payment by him. He cited 2 *Wentworth's Pl.* 452 to 479 ; 2 *Chitty's Pl.* 81 to 87 ; 1 *id.* 320 ; 2 *Saund.* 62, *a.* 4 ; 5 *T. R.* 621.

*P. Gridley,* for plaintiff, cited 1 *Saund.* 116 ; 3 *T. R.* 374 ; 2 *Saund.* 62, *n.* 4 ; 1 *Chitty's Pl.* 320 ; *Comyn's Dig. tit. Pleader,* C. 75.

*By the Court,* SUTHERLAND, J.   I am inclined to think that the averments, the want of which are objected to, were not necessary, and that the declaration is good upon general demurrer.   The covenant of the defendants bound them not only to indemnify the plaintiff against, but also absolutely *to pay all the company debts.* These debts must be presumed to be as well known to the defendants as to the plaintiff.   It is also to be presumed, nay it is expressly averred in the second count, that all the books of account, vouchers, &c. belonging to the firm were handed over and transferred to them.   They therefore had more ample means for ascertaining the debts due *from* as well as *to* the firm than were in the possession of the plaintiff ; and it is a general rule in pleading, that where the matter does not lie more properly in the knowledge of the

plaintiff than of the defendant, notice need not be averred. 1 *Chitty's Pl.* 320.    1 *Saund.* 116, *n.* 2, *and cases there cited. Comyn's Dig. tit. Pleader,* C. 73, 4, 5.    2 *Saund.* 62, *a. n.* 4. The case of *Duffield* v. *Scott and others,* 3 *T. R.* 374, shews that the plaintiff was not bound to give notice to the defendant of the suit brought by Tucker for the recovery of the debt which the plaintiff subsequently paid.    Notice of the payment of the money by the plaintiff and the consequent injury to him, though usually averred, appear not to be matter of substance in a case like this, and therefore not reached by this *general* demurrer.    The covenant to pay all the company debts was at all events broken ; for the demurrer admits that the debt paid by the plaintiff to Tucker was a partnership debt, and no notice of the existence or claim of that demand could be necessary.

Judgment for plaintiff on demurrer, with leave to defendants to plead on payment of costs.