NEW-YORK PRACTICE REPORTS. **99**

Wallace and La Tourette agt. Eaton and others.

## SUPREME COURT.

### WALLACE & LA TOURETTE agt. EATON AND OTHERS.

A demurrer for nonjoinder of parties is well taken, where it appears that the court can not determine the controversy before it, without prejudice to the rights of others; nor by saving their rights (*Code,* § 122).

*It seems,* that section 122 of the Code is the controlling section in determining whether a demurrer, for defect of parties is well taken.

Where a complaint set up the recovery of a judgment against W. R. K. and that an execution had been returned *nulla bona,* and that the defendants and the debtor (W. R. K., who was not made a defendant) had colluded to defraud the plaintiffs and other creditors by a sale of goods, &c. And also that the debtor had made a general assignment to one D. L. for the benefit of creditors; that D. L. had neglected and refused to execute the trust created by such assignment, and praying that the sale by W. R. K. to defendants might be declared fraudulent, and that they pay over to the creditors of W. R. K., and that D. L. (who was made a defendant) might be discharged from proceeding any further under the assignment; and that a receiver be appointed, &c. *Held,* that W. R. K. was a necessary party to the action. The demurrer for defect of parties sustained.

This is a complaint in the nature of a bill in equity. The case comes before the court on a demurrer to the complaint. The complaint sets up in short the recovery of a judgment in the Supreme Court against one William R. Kelsey, on the 1st day of February 1849, for $632·93, for goods sold and delivered.

It also sets forth the issuing of an execution to the sheriff of the proper county and a return of *nulla bona* thereon. It also alleges and charges that the said debtor and the defendants in this suit for the purpose of defrauding the creditors of the said Kelsey, and particularly the plaintiffs in this suit entered into and made a fraudulent transfer of about $8000 worth of goods from the said Kelsey to the defendants in this suit, and that the defendants received the said goods without any consideration paid therefor and have sold them out, &c. And the plaintiffs ask that defendants account to them as judgment creditors.

The complaint also alleges that the said William R. Kelsey on or about the 29th February 1849, made a general assignment of all his property both real and personal to one Daniel Larned for

the benefit of his creditors, giving no preference to one creditor over another.

That said Larned has neglected and refused to execute the trust created by said assignment. The plaintiffs allege also in the said complaint that this action is commenced for the benefit of all the creditors of the said Kelsey, who will contribute to defray the expenses thereof and prove their debts. The plaintiffs pray that the sale and transfer from Kelsey to Eaton & Spicer may be declared fraudulent and they required to account and pay over to the creditors of the said Kelsey; and that the defendant Daniel Larned may be discharged from proceeding any further under said assignment; and that a receiver of the property and effects of the said Kelsey may be appointed by this court with the usual power; and that the said Daniel Larned may be required to deliver over to such receiver all that he now holds under said assignment, and all the papers and vouchers, &c.; and that he account to the said receiver for his trust created by said assignment, &c.

The defendants Eaton & Spicer appear and demur to the complaint and assign several causes of demurrer.

The first assignment is for a defect of parties; because that the said William R. Kelsey is not made a party to this suit. The fifth is that Daniel Larned is improperly made a party; and the sixth is, that the plaintiffs are not entitled to maintain this action. That the action belongs to Daniel Larned, the assignee of Kelsey, and that he alone can maintain an action against the defendants Eaton & Spicer. The other assignments of demurrer are quite immaterial.

MASON, Justice.—The present Code of Procedure has adopted, with slight modifications, the rule in relation to parties which has heretofore obtained in Courts of Equity (see sections 111, 113, 118, 119, 122, 274). The 111th section provides "that the action shall be prosecuted in the name of the real party in interest, except in case of an action by an executor, administrator or trustee of an express trust, or a person expressly authorized by statute, without joining the person for whose benefit the suit

Wallace and La Tourette agt. Eaton and others.

is prosecuted." With these exceptions the suit must be prosecuted, in all cases in the name of the party in interest and the rule which has prevailed in equity, with the modifications above stated, may be very safely applied.

The 117th section enacts that all persons having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs, with the exception provided in that title. And the 118th section provides that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination and settlement of the question involved therein. And the 119th section enacts that of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants, unless the consent of one who should have been joined as plaintiff can not be obtained, then he may be made defendant by stating the reason thereof in the complaint. And the 122d section provides that the court may determine any controversy between the parties before it ; when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court should order them to be brought in. And the 274th section authorizes such judgments to be entered. And the 144th section allows the defendant to demur to the complaint, when it appears upon the face of the complaint that there is a defect of parties, plaintiff or defendant.

The commissioners of the Code in their report (*title* 3, *p.* 123), speaking of the provisions above stated, say, that "they have a threefold purpose in view:

*First.* To do away with the artificial distinctions existing in courts of law, and to require the real party in interest to appear in court as such.

*Second.* To require the presence of such parties as are necessary to make an end of the controversy; and

*Third.* To allow otherwise great latitude in respect to the number of parties who may be brought in.

Again, they say, speaking of section 102, which is section 122 of the present Code, that it is for the interests of neither suitor nor the state that there should be several suits to settle one controversy, so long as one will do. They add, we have no hesitation in providing therefor as we have done by §102 (now §122), that where a complete determination of the controversy can not be had without the presence of parties, not at first brought before the court, the court may direct them to be made parties. They conclude by saying, "Having prescribed these rules, we have intended to leave suitors very much at liberty to choose whom to make defendants and whom to join as plaintiffs. No person can be affected by a judgment but a party, or one who claims under him. This rule will make the plaintiff bring in all the parties whom he wishes to affect. The judgment as we have seen by section 161 (now section 274), can be given for or against any one or more of the plaintiffs or defendants. This will save the plaintiff from the hazard now encountered of bringing in too many parties, except that of paying costs."

It seems to me, therefore, as well from the reading of those various sections themselves, as from the expressed views of the commissioners in reporting them, that the 122d section of the Code is the controlling section in determining whether a demurrer for defect of parties is well taken or not. If the court can determine the controversy before it without prejudice to the rights of others; or by saving their rights, then a demurrer for nonjoinder of such parties is not well taken. If on the contrary a complete determination of the controversy can not be had without the presence of other parties, then the demurrer is well taken, and the court should order them to be brought in by amendments of the pleadings; and which will generally be done by allowing the amendments on payment of costs.

In all other cases than the one above stated, the court will leave the plaintiff very much to his discretion as to bringing in others who might be affected by the judgment were they brought in; such is the construction put upon these statutes by MONELL, in his treatise on the practice, *page* 20.

Wallace and La Tourette agt. Eaton and others.

It becomes important, therefore, to inquire whether we can determine the controversy between these plaintiffs and defendants without prejudice to the rights of the said Kelsey, or by saving his rights. If we can this demurrer is not well taken for a defect of parties; and if we can not the demurrer is well taken.

I am inclined to think had the plaintiffs made Eaton & Spicer alone defendants, and sought no other relief in this suit than to have the transfer or sale of the property to the defendants, Eaton & Spicer by Kelsey, declared fraudulent, and that they be decreed to account for the property received by them, that the court might have granted the relief, without the necessity of bringing in Kelsey as a party; but they also ask to remove the defendant Larned for a breach of his trust duties as assignee; or for a total neglect of those duties, and to have a receiver appointed by the court with the usual powers of receivers in such cases. Now it seems to me that it would be an unheard of proceeding to be conducted ex parte or without any notice to the debtor, Kelsey, who is to be so seriously affected by such a proceeding.

He has a right to be heard upon the application to remove his chosen trustee and also upon the appointment of a receiver by this court who is to come in and take his place, or rather to take all of his property with the usual power of receivers in such cases.

This demurrer therefore is well taken for the first cause of demurrer assigned.

It is not, therefore necessary to consider the other questions raised by the demurrer; for there must be judgment for the defendants upon the demurrer, with leave to the plaintiffs to amend their complaint upon the payment of costs; and they may amend by bringing in the defendant Kelsey; or they may amend if they be so advised, by striking out the defendant Larned, and all that part of the complaint in relation to the assignment to him by Kelsey or such parts thereof as they may be advised. And in case this is done, the suit may be left to stand against the defendants, Eaton & Spicer alone, without bringing in Kelsey.