## WHITTON *v.* WHITTON.

If the owner of an undivided interest in real estate devise his interest in part of the land to one, and in another part to another, both devisees are properly parties to a bill for partition.

A devise or conveyance of the grantor's interest in several parts of the common property is valid between the devisees or grantees, though it is inoperative as to the other co-tenants.

A mortgagee of the interest of one of such grantees or devisees may properly be made a party to such partition; because his whole security is liable to be destroyed by an assignment of the mortgaged part to the other co-tenant.

If the condition of such a mortgage is to indemnify the mortgagee against the support of a third person, it is a sufficient breach that the mortgagee was compelled to pay for such support for a part of the time.

No notice need be alleged that the mortgagee has been compelled to pay, because the other party has the means of knowing if he has paid, or made provision for the support of such person independently of the mortgagee.

No demand of performance of a condition is in general required, unless it is provided for in the condition.

THE complainant, Daniel Whitton, in his bill alleges that Jesse Whitton, his father, now deceased, was seized in fee of one undivided half of a farm in Wolfborough, bounded, &c., in common with his other son, Jesse Whitton, Jr., now deceased, who was seized of the other half thereof in fee; and said Jesse and Jesse, Jr. occupied the same as tenants in common, to the death of Jesse, Jr., December 9, 1854.

Jesse Whitton, Jr., devised to his son, Joseph J. Whitton, his part of a certain field in the north-west corner of said farm, containing three acres, and the remainder of his part of said farm to his son, Henry A. Whitton.

December 16, 1854, Jesse Whitton conveyed to the complainant his undivided half of said farm, with certain exceptions, not here material, and took from him a bond conditioned for his support and maintenance during life; and on the same day the complainant conveyed to Henry A.

Whitton the same premises, by a deed with a condition as follows: "Provided said Henry A. shall in all things indemnify and save harmless me and my heirs, &c., for the support of my father, Jesse Whitton, agreeably to a bond signed by me this day, then this deed to be valid; otherwise void."

On the 7th of April, 1855, Henry A. conveyed by mortgage deed all his part of the farm to Thomas L. Whitton.

The bill then alleges that Henry A. has failed to perform the conditions of the complainant's deed to him; has not indemnified and saved him harmless for the support of said Jesse Whitton; but said complainant has been compelled to pay and is holden to pay for such support and maintenance since September 4, 1855, to the death of said Jesse Whitton, on the 17th of October, 1857, the sum of six hundred dollars. Yet said Henry A., though requested, has not paid the complainant said sum, or any part of it, but refuses; whereby the condition of said deed is broken, and the deed made void; and before filing this bill he publicly entered upon said premises for breach of said condition, and is seized of one undivided half of said farm in common with said Henry A. and Joseph J., as devisees of Joseph Whitton, Jr.

The enjoyment of the premises in common is liable to difficulties, and the complainant applied to said Henry A. and Joseph J., and requested them to join him in making a fair and equal partition, &c., and they refuse, &c.

The bill prays *subpœnas* to Henry A., Joseph J. and Thomas L., that a commission may issue to divide said premises into two equal parts; one of them to be assigned to the complainant, the other to Henry A. and Joseph J., according to their interests, &c.

The defendants jointly and severally demur, for cause that the bill, if true, which is not admitted, does not contain any matter whereon the court can ground a decree, or give the complainant any relief or assistance.

*Z. Bachelder*, for the defendants.

1. It appears from the bill that J. J. Whitton has only one undivided half of a certain field, described in the bill, and should not, therefore, be involved in the controversy about the land claimed to be forfeited; and for the same reason Thomas L. Whitton should not have been made a party to the suit. Story Eq. Pl., sec. 275.

2. Daniel Whitton has not a right, by forfeiture, to the land he claims against Henry A. Whitton, he not having supported his father, according to the condition of his bond, from the date of the bond till his death, as appears from the bill; the first support not having been furnished till about nine months after the bond was given. Besides, he was to support him himself, and not to employ others to do it. 2 N. H. 76. From the relation, too, of the plaintiff and Henry A. Whitton to Jesse Whitton, senior, the same might be inferred. Conditions subsequent are not favored in law, and are construed strictly, because they tend to destroy estates. 4 Kent Com. 129; Co. Litt. 206 b, 219 b; 8 Co. 90 b.

3. The plaintiff, before he brought his suit, ought to have notified the defendant, Henry A. Whitton, what sum or sums of money he had paid, or was liable to pay, and to whom he had paid, or was liable to pay it; and to have alleged such notice in his bill, which was not done. When the extent of the contract is not precisely known, but is to depend upon facts more particularly within the knowledge of the promisee, the law raises by implication a stipulation that notice should be given to the promisor, and it must be averred and proved. 1 N. H. 246; 23 N. H. (3 Fost.) 471.

4. As, according to the statement of the plaintiff's case, H. A. Whitton was to indemnify him for supporting his father, according to his bond, he was first to support him; and then H. A. Whitton was to pay him for it. But it does not appear that D. Whitton had, before bringing his suit, paid anything which H. A. Whitton was liable to pay.

If he had paid but one cent, the allegation of payment in the assignment of the breach might be true, and that might have been paid for funeral expenses, which H. A. Whitton was not liable to pay. In that view of the case there would not appear to have been any breach of the condition of the deed; the condition of the deed was not broken.

5. The request alleged in the bill is, I suppose, only the formal request to pay, usually inserted in our writs, transferred in this case to a bill in equity; but if it was actually made, a refusal or neglect to comply with it would not amount to a forfeiture, as it was not accompanied with any information as to what was actually due; and, according to the plaintiff's own account of it, the sum demanded included the expenses of the funeral of his father, which H. A. Whitton was not bound to pay.

*Charles F. Hill,* for the plaintiff.

1. A general demurrer admits to be true all such facts, and only such as the plaintiff has sufficiently pleaded in his bill. Bac. Ab., Pleas, N. 3; Story Eq. Pl., sec. 452; Dan. Ch. Pr. 599. But this proposition must be taken *sub modo ;* for if a fact be not positively asserted, and yet is material, and is stated in terms which may be deemed reasonably certain in their import, the demurrer will admit them. Story Eq. Pl., sec. 450, (note 1.) On general demurrer the proposition is, admitting the allegations in the plaintiff's bill to be all true, is he entitled to relief in this court upon his statement of his case? If his bill shows but a doubtful title in himself, it is sufficient to maintain his suit. Story Eq. Pl., sec. 512, (note; ) *Morrill* v. *Foster,* 25 N. H. (5 Fost.) 333. The plaintiff in this case sets forth a perfect title in himself. His deed to Henry A. Whitton is conditional, and the condition being alleged to be broken by the grantee, the deed is become void, and the plaintiff's title revived. 1 Hill. Ab., ch. 27, sec. 1; 4

Kent Com. 123; *Barker* v. *Cobb*, 36 N. H. 344; *Bickford* v. *Daniels*, 2 N. H. 71; *Porter* v. *Nelson*, 4 N. H. 130; *Page* v. *Foster*, 7 N. H. 392; *Gray* v. *Blanchard*, 8 Pick. 284; *Bingham* v. *Shattuck*, 10 Pick. 306; *Frost* v. *Butler*, 7 Maine 225.

2. There is in the plaintiff's bill a proper joinder of parties defendant, under the general rule that all persons having an interest in the object of the suit ought to be parties. Calvert on Parties, ch. 1, sec. 1, pp. 3–11; Story Eq. Pl., secs. 76, 77; Dan. Ch. Pr. 256–7, 327; *Ladd* v. *Harvey*, 27 N. H. (7 Fost.) 372; *Busby* v. *Littlefield*, 31 N. H. (11 Fost.) 193. Several persons may be joined as defendants in a suit, though claiming distinct rights, if they have a common interest in the point at issue in the cause. Story Eq. Pl., sec. 278, note (a); 530, note; Dan. Ch. Pr. 311; *Fellows* v. *Fellows*, 4 Cow. 682.

But if the court be of the opinion that there is a misjoinder of defendants in the plaintiff's bill, these defendants cannot take advantage of such misjoinder under their general demurrer, unless the bill is multifarious. Story Eq. Pl., secs. 237, 238, 280, 281, 544, 563 note; *Pringle* v. *Cook*, 3 Y. & C. 666; *Lyne* v. *Guardian*, 1 Miss. 410; *Toulmin* v. *Hamilton*, 7 Ala. 362; *Spear* v. *Campbell*, 4 Scam. 424; 2 U. S. Eq. Dig. Pleading, V. The joinder or nonjoinder of merely formal or nominal parties will not ordinarily be allowed by the court as a valid objection to the proceedings under the bill. Story Eq. Pl., secs. 74, 229, 238, 544; *Hussey* v. *Dole*, 23 Me. 269; *Milligan* v. *Milledge*, 3 Cra. 220; *Nash* v. *Smith*, 6 Conn. 421; *Wormly* v. *Wormly*, 5 Wheat. 451; *Whiting* v. *Bank of United States*, 13 Peters 6, 14.

In this case, Henry A. Whitton and Joseph J. Whitton have a common interest in the defeat of the plaintiff, although their right, as regards each other, may be separate and distinct; for the defeat of the plaintiff's claim to one portion is the same as to the other; his claim to each being based upon the same facts, and holding or failing by

the same evidence and the same rules of law. Also, H. A. Whitton has never made any claim to J. J. Whitton's portion, and perhaps has not now the ability to do so. The plaintiff claims but one right against both, which right turns upon one fact—the state of the contract between this plaintiff and H. A. Whitton. If H. A. Whitton owns one half of J. J. Whitton's portion, then they are tenants in common of the premises claimed by the plaintiff, and must be joined as defendants in the bill.

3. The second objection made to the bill directly denies the allegations of it. The plaintiff distinctly avers that H. A. Whitton has failed to indemnify him against his bond for the support of his father, and that by reason of this failure the condition of the plaintiff's deed of December 16, 1854, is broken, and the deed is become void. He also avers that he has had to pay for the support of his father, &c. It is immaterial whether he supported his father at his own house, or that of another, so long as his father found no fault. He still had to pay for his support. The only fair and reasonable inference to be drawn from the language of the bill is, that the plaintiff supported his father according to the true intent of the bond. It may be inferred from the bill that H. A. Whitton indemnified the plaintiff against his bond for the first nine months after the date of. it, rather than that the plaintiff failed of his duty. So long as Jesse Whitton, senior, made no complaint against the plaintiff for the non-fulfilment of the bond, whence do the defendants get the right to raise the question?

4. The fourth objection denies the averments of the bill. The bill shows the nature of the contract to be such that H. A. Whitton must reasonably have known the full extent of it, or might have known it at all times, and that it devolved upon him to keep himself informed. It is inconsistent to presume that he would take a title burdened with such a condition as this, without sufficient knowledge

Whitton *v.* Whitton.

of it to enable him to comply with its terms. When H. A. Whitton took this deed, he undertook to put himself in the plaintiff's place, and fulfil the conditions of the bond for him, and to relieve him from all duties under it. This is inferred as the natural course, dictated by common sense and common practice, under such contracts; also from the near relationship of the parties. H. A. Whitton was bound to pay the expense of Jesse Whitton's support constantly, as it accrued; and the condition of the deed was broken when the plaintiff had to pay the first dollar of that expense. It was a running contract, and H. A. Whitton's obligation to pay was constantly complete. He was bound to fulfil this bond. Demand and notice were unnecessary. *Watson* v. *Walker*, 23 N. H. (3 Fost.) 471. The plaintiff distinctly avers a demand; the objection to the averment is merely captious.

BELL, J. One tenant in common cannot, as against his co-tenants, convey a part of the common property in severalty by metes and bounds, or even an undivided share of such part. *Jeffers* v. *Radcliffe*, 10 N. H. 246; *Great Falls Co.* v. *Worcester*, 15 N. H. 449. And a levy upon the co-tenant's interest in a part of the land held in common would be equally void against the other co-tenants. *Peabody* v. *Minot*, 24 Pick. 332; *Blossom* v. *Brightman*, 21 Pick. 284; *Smith* v. *Benson*, 9 Vt. 140; *Starr* v. *Leavitt*, and *Hinman* v. *Leavenworth*, 2 Conn. 143, and note; *Thompson* v. *Barber*, 12 N. H. 563. The reason is obvious. His title is to an undivided share of the whole, and he is not authorized to carve out his own part, nor to convey in such a manner as to compel his co-tenants to take their shares in several distinct parcels, such as he may please; 15 N. H. 449; and his grantee can have no greater rights in this respect than himself. Upon the same principle the tenant in common cannot, by his will, devise his interest in specific parts of the common property, so as to prejudice his

co-tenants. So far as it may impair their rights, a devise as well as a deed must be inoperative and voidable. It does not follow, however, from this principle, that the grantee or devisee may not be properly a party to a bill or petition for partition. Devisees generally, and grantees sometimes, may claim under the same title, or a title of the same date; and as in such case neither has priority, it is impossible to say which should not be a party, if either should be rejected. In this case, Joseph J. Whitton and Henry A. Whitton are devisees in the same will; each is a devisee of a specific part of the common property; Joseph of three acres, and Henry of the residue. If either should not be a party, then neither should be, and as they together have the whole, no partition could be had against any one. But though the deed or devise in such case is inoperative and void, so far as it impairs the right of the co-tenant, yet, as against him, and others, for all other purposes, such grant or devise is valid, and the grantee or devisee is to be regarded as owner. He has an interest in the question whether the property shall be divided, and if so, in what manner, precisely so much greater than an ordinary tenant in common, as he is liable to have his entire interest assigned to another in the partition, and his whole estate defeated, without redress or compensation. It seems, therefore, clear that Joseph J. Whitton was properly made a party defendant to the bill.

It is by no means clear that Thomas L. Whitton is not properly made a defendant. It has been held elsewhere that a mortgagee is not a necessary party to a bill for partition. 1 Ch. Eq. Dig., Est. VII., 3 ; 1 Ch. Eq. Dig., Pl. V., 16 ; *Wotton* v. *Copeland,* 7 Johns. Ch. 146 ; and in New-York that judgment creditors are not necessary or proper parties in a partition ; *Sebring* v. *Mersereau,* 1 Hopk. 510; and the same doctrine has been extended there to mortgages and other incumbrances, upon an undivided interest. S. C. 9 Cow. 344 ; *Harwood* v. *Kirby,* 1 Paige

470. Here the mortgagee has a direct interest, since the partition may seriously affect or impair his security. If his mortgage were of the three acres of Joseph J. alone, it will be seen that the whole of that parcel might be assigned as part of the complainant's share, and thus the mortgagee's security might be wholly extinguished. We think the rule cannot be well extended farther than that mortgagees are not generally necessary parties to a partition, but that they may be joined where their interests may be impaired. 1 Dan. Ch. Pr. 327, and *Swan* v. *Swan*, 8 Price 518, there cited. It may well be doubted if a mortgagee would be bound by a partition in equity, where he is not made a party, and by the partition his security was destroyed or impaired, upon the ordinary principles on which mortgagees are required to be made parties to bills of foreclosure. 1 Dan. Ch. Pr. 325.

The provisions of our statute relative to petitions for partition seem entirely decisive of the propriety of making Thomas L. a party in this case. " Application may be made, &c., by petition in writing, particularly describing the estate of which partition is desired, the names of the owners, or persons interested, if known." Not merely the names of the owners in common, but all persons interested are to be set forth. *Morrill* v. *Foster*, 25 N. H. (5 Fost.) 336. What the statute requires in the statutory proceeding can hardly be deemed unfit in a petition in equity.

It is said the condition of the plaintiff's deed to Henry A. is not forfeited. The allegations of the bill are that the plaintiff conveyed his share of the land to Henry, subject to a condition to indemnify and save him harmless for the support of his father, agreeably to a bond referred to ; that Henry has failed to fulfil this condition ; has not indemnified and saved him harmless, but the plaintiff has had to pay, and is holden to pay six hundred dollars for his support; and Henry, though requested, has not paid that sum, but refuses. At first look this seems a good

condition, and a breach well alleged. The objection is, that it is not shown that the plaintiff supported his father, agreeably to the condition of the bond, and that the support furnished covered the whole time. That is immaterial. It is not alleged that there was any breach as to the time omitted. If Henry performed the condition for nine months, he was equally bound to perform it after that, and a forfeiture followed the neglect of duty for any part of the time. If the complainant was bound to support his father, and caused it to be done to his satisfaction, Henry cannot complain.

It is objected that the plaintiff was bound to give notice of the amount he paid, or was liable to pay, and it is not alleged that he did so; and consequently no breach of the condition is shown. Conditions which inure to defeat an estate are construed strictly. 8 Coke 179; Co. Litt. 205, 218, 219. Forfeitures are not favored in equity. The party who claims a title derived from the non-performance of a condition subsequent, is bound to show his title complete and perfect. No presumptions are ordinarily to be made in his favor. *Livingston* v. *Tompkins*, 4 Johns. Ch. 415; 4 Kent's Com. 130; 2 Cru. Dig. 35, sec. 29. If he has defeated or prevented the performance, by any act or omission of his own, he must fail. He must, therefore, show that he has done all that he is bound to do, to entitle himself to the performance of the condition. 2 Cru. Dig. 33, sec. 26; Com. Dig., Condition, L. 4–9.

Generally, the party who is bound to perform a condition must do it at his peril, and the other party is not bound to do any thing; but if, by the terms of the condition, it is made the duty of the party to do any act before the condition is to be performed—as to give notice of any fact, or to make a demand, or the like—and he fails to do it, the condition is not broken. And if, in pleading in any such case, the party fails to aver the performance of such act, with the time, place, &c., when these are mate-

rial, his title will be deficient. Com. Dig., Pleader, C. 69, 73, Condition, 10, 11, Gould Pl., ch. IV., sec. 15; 1 Saund. 33, note (2.)

In many cases there is nothing in the terms of the condition which requires the party who claims the benefit of it, to do any thing; and yet the law implies, from the nature of the contract itself, that certain things must be done by him before the condition is broken, because it would otherwise be out of the power of the other party to perform it; and in such cases the effect of a neglect to do any thing thus implied, is the same as if it was expressed. *Watson* v. *Walker*, 23 N. H. (3 Fost.) 491. The act implied must be done, and its performance alleged and proved, or the party can take no advantage of the supposed breach of the condition. Gould Pl., ch. 4, sec. 15; Arch. Civ. Pl. 102. And it is in this view that the questions of notice and request are material in this case.

As to the first of these, the law implies that the parties must have agreed or intended that notice should be given by the party entitled to the benefit of a condition, of every fact necessary for the other party to know, to enable him to perform the condition, and of every material circumstance connected with it, which is within his peculiar and personal knowledge, or which depends on his choice, so that the other party has no means, or no reasonable means, to arrive at that knowledge except from the party himself. But where the condition depends on any act of a third person, no notice is implied, and the party who is bound to perform is bound to take notice of such act. In the class of cases where the performance of the condition depends on any thing to be done by the party entitled to the performance, to or with any third person, who is distinctly named or designated, or by any such third person to or with him, though it is apparent that what is done is more properly and particularly within the knowledge of the plaintiff, yet, because the defendant may obtain

knowledge of it otherwise than from him, notice is not required to be given nor averred ; for the party who is bound must take notice of it at his peril. *Dix* v. *Flanders*, 1 N. H. 427 ; *Watson* v. *Walker*, 23 N. H. (3 Fost.) 491 ; and see *Lent* v. *Paddleford*, 10 Mass. 238 ; *Hobart* v. *Hilliard*, 11 Pick. 144 ; *Farwell* v. *Smith*, 12 Pick. 87 ; *Clough* v. *Hoffman*, 5 Wend. 500 ; *King* v. *Holland*, 5 D. & E. 621 ; 1 Saund. 116, note 2 ; 2 Saund. 62 (a), note 4 ; see also Vin. Ab., Condition, A. (d) ; B. (d), Notice, 1 to 5 ; Com. Dig., Condition, L. 8, 9, 10, Pleader, C. 73–75 ; Arch. Civ. Pl. 102–104, where the ancient cases are collected.

In this case the condition of the conveyance was, " to indemnify and save harmless the plaintiff for the support of his father, Jesse Whitton, agreeably to his bond," &c. ; and the question is, whether the facts on which the performance of the condition depends are so peculiarly within the plaintiff's knowledge, and so far beyond any reasonable means of knowledge of the defendant, that the law will imply that notice must be given to enable the defendant to perform his contract. And it seems to us that the defendant had ample means to ascertain all he needs to know in order to perform his contract, within the rule before stated. He might indemnify the plaintiff by furnishing himself the necessary support for Jesse Whitton, or by procuring others to furnish it ; as that would be his own act, he would be bound to notice that he had not done it. He might indemnify him by paying to him the amount he was liable to others for Jesse Whitton's support, and any damages. And it must always be in his power to ascertain from Jesse Whitton himself whether he was supported by the plaintiff, or on his credit. The value of such support could not, in the nature of things, be a secret of the plaintiff's. In this view we are sustained by the cases of *Sanborn* v. *Woodman*, 5 Cush. 41, where the grantees were bound to indemnify the demandant from the payment of the principal and interest of a

Whitton *v.* Whitton.

certain mortgage, and on demand of the assignee of the mortgage, the demandant paid the interest, and entered for condition broken, and it was held he was not bound to give notice, or to demand repayment of the interest; *Duffield* v. *Scott*, 3 D. & E. 374, where, on a covenant to indemnify the plaintiff against debts of his wife, it was held he was not bound to give notice of a demand on him for such a debt; *Cutter* v. *Southern*, 1 Saund. 116, where, on a bond to save harmless and indemnify the plaintiff against all damages from one Cook, it was held the obligor was bound to take notice of the act of a stranger, as Cook was; *Ker* v. *Mitchell*, 2 Chit. 487, where, on a bond to save a party harmless from all actions, costs, &c., which might be the consequence of A.'s delivering to the defendant a bill of exchange, to part of which a third person was entitled, it was held forfeited by payment to the third person of his share, on his demand of it, though no notice of the payment was given to the defendant; and *Clough* v. *Hoffman*, 5 Wend. 499, where a partner, who had covenanted to pay all the company debts, was held liable to his co-partner, who had been called upon to pay, and had paid such a debt without notice of the debt, or action, or payment.

Whenever an actual request is necessary to be stated, the general averment, "though often requested," is not sufficient. Such request, if essential to the breach, is so also as to the right of action ; and it must therefore be specially alleged (Gould Pl., ch. 4, secs. 5–16) wherever such request is, either by the terms or nature of the contract, the condition of the liability. Ch. Pl. 323 ; 1 Saund. 33, note 2 ; 1 Saund. Pl. & Ev. 131.

By the terms of this condition, no request was necessary. The only question is, if a request is necessary by implication of law from the nature of the contract. Where it any way depends on the pleasure of the party in what manner, or at what time, a thing shall be done, or whether

it shall be done at all, the party must request performance of a condition.   Com. Dig., Pleader, C. 69.   That is not this case, and I have found no other case where a special request is held necessary, unless it is so expressed in the contract.   Upon these views

*The demurrer must be overruled.*