By the Court.—Monell, Ch. J.
An examination of the question involved in the motion to dismiss the complaint, has satisfied me that Mrs. Senior is a necessary and proper party to the action.
The object of the action is to reach the proceeds of the assigned mortgage in the hands of the defendant, and is in the nature of a creditors’ bill to compel a discovery of property belonging to the judgment debtor or held in trust for her.
Under the law as it existed before the Code, in an action of this kind, the judgment debtor was a necessary party (2 R. S. 178, § 88 ; Edmeston v. Lyde, 1 *267 Paige, 637; Boyd v. Hoyt, 5 Id. 65; Fellows v. Fellows, 4 Cow. 682; Green v. Hicks, 1 Barb. Ch. R. 309 ; 2 Bari. Ch. Pr. 155).
Since, and under the Code, there is not a complete uniformity of decision on the subject. But the conceded assimilation of the system of practice and pleading under the Code, to the system which prevailed in the late court of chancery, has necessarily, and very properly, given to the decisions of that court great weight in the construction of the present system.
The plaintiff must now, with one or two exceptions, be the real party in interest, and the defendant, such person as has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved.
Ho change in the law has been made, as to who are necessary or proper parties defendant; and the law on that subject as it existed in the court of chancery, has in several cases been fully recognized and applied to the forms of actions under the Code.
In Wallace v. Eaton (5 How. Pr. 99) the action was by a judgment creditor to reach property fraudulently assigned to a creditor, and also to avoid a general assignment. The assignor was not a party, and the defendants demurred. The court, after a full examination, sustained the demurrer, but intimated the opinion that had the action sought no other relief than to have the individual transfer declared fraudulent, it might have been granted, without the necessity of bringing in the assignor.
In Shaver v. Brainard (29 Bari. 25), the action was by a receiver to set aside as fraudulent a conveyance of real estate, and to apply the proceeds upon the plaintiff’s judgment. The grantor and judgment-debtor was not made a party to the action; and the judgment was reversed on that ground.
*268 In Yanderpoel v. Van Valkenburgh (6 N. Y. R. 190), judgment creditors sought to reach certain equitable interests of their debtor, in a bond and mortgage executed to the defendant, under the will of the debtor’s mother, and which will was claimed to be void, and the court held that the debtor was a necessary party.
The case • of Lawrence v. Bank of the Republic (35 JY. Y. R. 320) is directly in point. The plaintiff, as the assignee of Lanes, Boice & Co., had deposited the trust funds in the defendant’s bank. The bank refused to pay over the funds, claiming that they were judgment creditors of Lanes, Boice & Co., and that the assignment to the plaintiff was fraudulent and void as to the assignor’s creditors. In an action to recover the deposit, the bank setup its claim to apply it to their judgment on the ground stated. After disposing of other questions, the court say: “I am also of the opinion that the proper parties are not before the court to litigate the question. In a creditor’s suit against a judgment debtor, to set aside a prior assignment made by him in trust for the benefit of creditors, on the ground of fraud, he is a necessary party. Indeed, he must be deemed the principal party. . . . The common point of litigation is the alleged fraudulent transfer of the property.”
In Beardsley Scythe Co. v. Foster (36 N. Y. R. 561), one Osborn made a bill of sale of his property to the defendant, which the plaintiffs, judgment creditors of Osborn, sought to have declared fraudulent and void as to his creditors. The court, per Bocees, J. (p. 556), say: “And again, as an action to reach property fraudulently disposed of by Osborn, he was a necessary party, in the absence of all excuse for the omission,” citing Lawrence v. Bank of the Republic, supra.
The decisions to which I have referred are sufficient to dispose of the question, if they are not disturbed by the recent case of Fox v. Meyer, in the commission of *269 appeals (54 N. Y. R. 125). That was an action to remove a fraudulent conveyance of real estate, as a cloud on the title, and was brought against the grantee only. The objection of a defect of parties was not taken by demurrer or answer, nor was it raised at the trial. It was stated for the first time in the appellate court, and might have been wholly disposed of there— as it was in effect—under section 148 of the Code, and without any examination of the question.
If, therefore, it shall be found that Pox v. Meyer is an opposing authority to Lawrence v. Bank of the Republic, and Beardsley Scythe Co. v. Foster, it may, upon the point under review, and should be, considered as obiter. But Commissioner Earl says, in the opinion, that the grantor was not a necessary party; that the plaintiff claimed that his judgment was a lien upon the real estate which had been fraudulently conveyed to the defendant; that he commenced the action to have the cloud resting upon the lien of his judgment removed, and his judgment satisfied out of the land, notwithstanding the conveyance. And the learned Commissioner says, the conveyance being good, as between the parties, no one had any interest to defend the suit but the defendant, and he was, therefore, the only proper party defendant. But that action was not a creditor’s bill (as the court admitted), the object of which is to reach choses in action, and equitable assets of the judgment debtor, which can not be reached by execution. In such an action, the Commissioner says, the judgment debtor is a necessary party. But that was an action to have a conveyance declared fraudulent and void as to the plaintiff’s judgment, in which action it had sometimes been held, he says, that the lien of the judgment alone gave the plaintiff his standing in a court of equity. The learned commissioner does not refer to the cases of Lawrence v. Bank of the Republic, and Beardsley Scythe Co. v. Foster (supra), probably for the reason *270 that these actions related to personal property, and were in the nature of creditor’s bills.
The action in the case before us is a creditor’s bill to reach a chose in action, which could not be reached at law. The bond and mortgage were personal assets, and the nature of the property has not been changed by a foreclosure sale of the mortgaged premises. The interest to be reached remains a chattel interest, and is the subject of a creditor’s bill, to which, under all the cases, the judgment debtor is a necessary party.
Here the objection was taken by answer and at the trial, and the court ought to have ordered the debtor to be brought in as a party defendant.
There are reasons disclosed by the evidence in this case why Mrs. Senior ought to have the right of being heard. She claims that the mortgage was the property of her husband’s estate, was taken by her for its benefit, and assigned in the same interest. And the defendant asserts that she purchased and now holds the mortgaged lands in trust.
It is not enough that the assignor of the bond and , mortgage was allowed to testify, and that the facts have been found against her evidence. Hot being a party, she must submit, without the power or right of appeal.
I do not suppose there is any collusion between the parties to the action, but the suggestion illustrates the propriety of giving Mrs. Senior an opportunity to protect, under the forms of law, the estate of which she claims to be the legal representative, against her individual creditors.
The view we have taken of this question renders it unnecessary to examine any of the other questions in the case.
To enable the plaintiff to bring the judgment debtor into the action as a party defendant, the judgment appealed from must be reversed, and with costs to the *271 appellant to abide the event; and a new trial must be granted, before which is had, the judgment debtor may be brought in, on such terms as may be just.
Curtis, J., concurred.