SMITH *et al.* *v.* SIBLICH *et al.*

(*Superior Court of Buffalo, General Term.* February 2, 1891.)

PARTITION—PARTIES—INTEREST IN LAND.

Under Code Civil Proc N. Y. § 1540, providing that, in an action for partition, "plaintiff may, at his election, make a creditor having a lien on an undivided share or interest in the property a defendant in the action," a complaint is not demurrable for defect of parties where it alleges that one of the parties claims under a deed, "subject, however, as expressed in said deed, to a claim of one J., to be adjusted and paid out of said interest conveyed," but fails to make J. a party, as such allegation does not show that J. has an interest or estate in the land.

On a demurrer to the complaint.

Action by Caroline Smith and others against Mary Siblich and others.

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.

*D. G. Jackson*, for plaintiff. *David F. Day*, for defendant Peter Gasz.

BECKWITH, C. J. This is an action for the partition of lands situated in this city. The issue of law presented for our consideration is raised by a demurrer interposed to the complaint by Peter Gasz, one of the defendants. The objection specified is "a defect of parties to the action," and the par-

ticular defect pointed out is that D. G. Jackson, mentioned in the complaint, is not made a party. There is an allegation in the complaint that Michael Strick, at a date mentioned, conveyed by deed all his interest in the premises sought to be partitioned to his son, Andrew Strick, "subject, however, as expressed in said deed, to a claim of one David G. Jackson, to be adjusted and paid out of the said interest conveyed." The complaint further sets forth that this interest or share conveyed to Andrew Strick afterwards passed by descent to certain of the defendants mentioned, and that it is an interest in a part only of the lands sought to be partitioned. It is further alleged that the defendant Peter Gasz claims an undivided interest in the lands by virtue of a judgment obtained against Michael Strick, which judgment, as it is further alleged, was recovered at a time subsequent to the deed of the same share, which refers to the claim of David G. Jackson. The complaint therefore puts the defendant Gasz in the posture of asserting ownership of the undivided share or interest which Michael Strick conveyed to his son, Andrew, subject to the unadjusted claim of Mr. Jackson. The question raised by the demurrer interposed by the defendant Gasz is not whether it might not be convenient to have Mr. Jackson brought in as a party, nor whether the court, on motion, might not order him to be brought in, but whether it appears on the face of the complaint that he is a necessary party, so necessary that the omission of his name makes the complaint demurrable. The supposed defect in the complaint is pointed out in the demurrer in the following language: "There is a defect of parties to said action; it appearing that D. G. Jackson, mentioned in said complaint as the owner of an interest and estate in the premises described in said complaint, is not made a party to said action, either as plaintiff or defendant." It may be conceded that, if it appears, as assumed by this demurrer, that said Jackson is "owner of an interest and estate in the premises," he ought to be made a party; but all there is in the complaint upon which the demurrer is predicated is the language, already cited, found in the deed from Michael Strick to his son, by which deed he conveys a share of the premises, "subject, however, to a claim of one D. G. Jackson, to be adjusted and paid out of the said interest conveyed."

The decision of the question raised by the demurrer must turn upon the meaning of the language quoted. If, as the demurrer assumes, it means that Jackson is the owner of an interest and estate in the land, then he is a necessary party, and the demurrer is to be sustained. But can the words cited, "subject to the claim of D. G. Jackson," be construed so as to have that meaning. The most ordinary use of the word "claim" is the assertion of a right residing in the speaker in relation to an obligation or duty owing to him from another. That may be called a "personal right." "What is a claim? It is in just judicial sense a demand of some matter as of right made by one person of another to do or forbear to do some act or thing as a matter of duty." STORY, J., in *Prigg* v. *Pennsylvania*, 16 Pet. 615. It is true the word has the opposite employment of designating as an object the existence of an interest, and sometimes the extent of an interest, in land, or other property with which the right asserted is connected. The statute (Code, § 1568) speaks of a claim by virtue of the right of dower. There is, for example, the claim of a vendee under a land contract of ownership, and to have his interest made a legal one by the deed of his vendor; and the claim of the pre-emption settler on public land is his interest in the land. But this use of the word "claim," as signifying an estate or interest in land or other property, cannot be the one it bears in the deed from Michael Strick. The specification, "subject to the claim of one D. G. Jackson," is followed by words which show that the claim referred to is one of the kind first mentioned. It is a claim to be adjusted and paid; a personal right in Jackson, secured by a charge on the land. It might mean, it is true, some specific incumbrance, or an equitable lien like that arising from an advancement of purchase money upon a promise of a mortgage; but, whatever the actual charac-

ter of Jackson's claim shall be, still, upon a fair construction of the language, it is nothing more than a personal right in him to receive a sum of money which the owner of the land has a right, and is, perhaps, under an obligation, to pay. That does not create in Jackson the sort of interest in the land which requires him to be made a party. His claim is to be paid out of the land, but he is not entitled by the language in the deed to have a share or part set off to him in severalty. To have and hold one's interest in real estate in severalty is a common-law right,—a legal right. *Smith* v. *Smith,* 10 Paige, 473.

The object of an action for partition is the recovery of the possession, the establishment of a right to the possession, of land, and primarily the final relief consists in obtaining the possession of a specific parcel of land. Who are necessary parties will appear from a view of the objects of the action. The general principle is a division of the estate. "The mode in which a partition is effected in equity is that after the interests of all parties have been ascertained, either by evidence in the case or by the master's report, a commission is issued to persons nominated by the parties, or, if necessary, by the court, directing them to enter on and survey the estate, to make a fair partition thereof, to allot their respective shares to the several parties, and to make a return of their having done so to the court." The decree formerly did not operate like a modern judgment to divest a party of title from the whole, and reinvest in a particular parcel of the premises. The procedure was that, after the confirmation of the return of the commission, a decree was entered "that the plaintiffs and defendants respectively convey to each other their respective shares, and deliver up the deeds relating thereto, and that the allotted portions respectively be held in severalty." Adams, Eq. (8th Ed., by Ralston) p. 236. The decree operated on the parties personally coercing mutual conveyances by persons who had something which they could convey. The accomplishment of these primary objects of the action would not necessarily bring in mere incumbrancers of the entire premises or of an undivided share. To such effect were the decisions in this state prior to the adoption of the present statutory procedure. *Sebring* v. *Mersereau,* 9 Cow. 344; *Harwood* v. *Kirby,* 1 Paige, 469; *Wotten* v. *Copeland,* 7 Johns. Ch. 140.

Suppose Jackson were brought in as a party defendant, and should put in his answer. If we have interpreted correctly the meaning of the language in Michael Strick's deed, he could only set forth the character of his claim, and that its payment was charged on Strick's undivided share of the land. He could not himself claim a share of the land, but only pecuniary relief. He could not show any ownership which would require him to be brought in as a party, in order to enable the court to make a complete partition. But, further, admitting that Jackson has a lien on the specified undivided share in the land, it is not material to the defendant Gasz that he be made a party to this action for partition among the owners. His absence could not prevent Gasz from establishing his title to the interest conveyed by Michael Strick as against the heirs, nor hinder him from enlarging as much as possible the dimensions of the parcel to be set off in severalty. The demurrer admits the allegation in the complaint that the defendant Gasz acquired his claim to the land after the conveyance by Michael Strick; and, even if Gasz should be able to establish a title superior to that of the defending heirs, it would not be necessary for the court to determine the question of priority as between Jackson and Gasz's claims in order to make partition. If the defendant Gasz should succeed in showing a better title than the heirs named to the share that belonged to Michael Strick, and obtain its allotment to him, it might be convenient for him to have it determined whether Jackson's claim attached as against him, but it would not be essential that the court should decide that question, in order to effect a perfect allotment of the parcels. "If the court can determine the controversy before it without prejudice to the rights of others, or by saving their rights, then a demurrer for non-joinder of such par-

ties is not well taken." *Wallace* v. *Eaton*, 5 How. Pr. 102; Code, § 452. A judgment setting off the shares in severalty would not prejudice Jackson asserting his lien, nor Gasz contesting it. But the provisions of the Code of Civil Procedure seem to determine the question raised by this demurrer. Actions relating to property are regulated by special provisions contained in that act. See chapter 14, tit. 1, art. 2, for the provisions regulating the action for partition. Section 1538 prescribes who are necessary parties to the action. Section 1540 declares that "the plaintiff may, at his election, make a creditor having a lien on an undivided share or interest in the property a defendant in the action." And in case of a sale of the premises, instead of actual division, subsequent sections of the Code fully provide for the protection of persons having claims in the nature of liens, whether present as parties or otherwise. *Leinen* v. *Elter*, 43 Hun, 249. The demurrer must be overruled, with leave to the defendant to answer on payment of the taxable costs for trying an issue of law and the disbursements. All concur.