## HARWOOD AND OTHERS *v.* KIRBY.

The right of an incumbrancer cannot be affected by a sale of lands in partition, neither can he be made a party to the suit.

If the lands are divided, the lien of the incumbrance, after the division, will be confined to the share allotted to the party against whom the incumbrance is held.

If the lands are sold, the purchaser will take the premises subject to the lien of the incumbrance upon the undivided share.

[*470] *The Revised Statutes have altered the law on this subject, and have authorized the court to decree a sale, which will give the purchaser a perfect title, discharged from all liens and incumbrances.[1]

---

[1] 2 R. S. (4th ed.) 585, sec. 57.

THE complainants filed a bill for partition in this cause, setting forth, among other things, that the share of the defendant was incumbered by two legacies or annuities charged thereupon, and by a judgment and a mortgage; and that the premises were so situated that a partition thereof could not be made without a sale, and praying a sale of the premises and division of the money, deducting from the share of the defendant the amount of the incumbrances. The defendant in his answer admitted the incumbrances to have been created as stated in the bill, but insisted that he did not hold the premises subject thereto, but that the same were only contingently liable therefor. A reference was made to a master to report whether partition could be made, and to ascertain and report upon the title of the different parties in the premises; and if he should be of opinion that partition could not be made, to report the incumbrances on the respective shares, without prejudice to the rights of the parties. The cause was submitted on bill and answer, and the master's report.

*J. King* for the complainants.

*J. L. Wendell* for the defendants.

THE CHANCELLOR :—The master has obviously mistaken the object of the reference as to the title. He should have ascertained and reported what part of the premises belonged to each of the parties, and the quantity of their estate therein, whether for life or in fee, instead of reporting the chain of title which was not necessary any further than to show how the incumbrances affected the different shares. He has also made an evident mistake in relation to the amount of the incumbrances, but whether in favor of or against the infant complainants, I am unable to determine. The annuity to Mrs. Kellogg is for life, and yet the master has only reported the arrears up to the time of his report, without allowing any thing for the value of the annuity for

1829.

Harwood
v.
Kirby.

May 19th.

the remainder *of her life.   He has also made a mistake the other way, in estimating the legacies to the two granddaughters of the testator as legacies absolute, or annuities in fee.   They are entitled to the $500, or to the interest thereon for life, at the election of the devisee.   The master ought, therefore, to have ascertained the arrears now due, and computed the present value of an annuity of $35 for the remainder of the life of each.   If any decree could be made in the cause, the sale could not be ordered until the extent of these incumbrances was ascertained with more certainty.

The important question in this cause is, what decree can be made consistently with the equitable rights of all the parties.   It is now the settled law that an incumbrancer upon an undivided share of the estate cannot be made a party to a suit for the partition of the whole property.[1] His right cannot be affected by a partition or sale of the estate.   If it is divided, the incumbrance continues a lien on the share set off to the party whose undivided portion of the premises was before bound.[2]   In the case of a sale, the purchaser takes the premises subject to the lien upon the undivided share ; and has the same equity to throw the incumbrance on to the other lands, or other persons, as the party whose share is incumbered would have had if the sale had not taken place.   Such is the effect of the decision in *Sebring* v. *Mercereau*, (Hopk. Rep. 501,) and that decision was afterwards unanimously affirmed in the court of *dernier* resort.   In cases where there are contingent incumbrances, or contests as to the amount of the liens on any particular share, it follows of course that the other parties never can be fully indemnified for the loss they will sustain by a sale of their property in common with that which is in controversy.   Although the court, for the purpose of the partition, may direct an account to be taken of the probable extent of such liens, the purchaser can never rely upon that

[1] 2 R. S. (4th ed.) 577, secs. 8, 10.
[2] 2 R. S. (4th ed.) 578, sec. 9.

account, as the incumbrancers will not be bound thereby; and he must take upon himself the risk of contesting the question as to the amount afterwards. The answer in this cause shows that there is sufficient personal property in the hands of the executors of Kellogg to discharge *all the legacies, and which was to be first applied for that purpose. If this be so, the amount of those liens cannot be deducted from the defendant's share of the purchase-money.

[*472]

Ample provision is made for a case like the present in the Revised Statutes. After they go into operation, the court may decree a sale which will give to the purchaser a perfect title to the premises, discharged of all liens and incumbrances, and the half of the purchase-money belonging to the defendant, after deducting costs, will be brought into court, leaving the various incumbrancers to litigate their rights to that part of the purchase-money with him. I am therefore satisfied it is for the interest of all parties, but more particularly of these infant complainants, that no decree for sale should be made in this case previous to the first day of January next. The cause must therefore stand over until that time, when either party may apply for such decree for the sale of the premises as may be just, and as the court may then have the power to make.