## DUNHAM and wife *vs.* MINARD.

Where notice has been given to creditors having general liens upon the undivided interest of one of the parties in a partition suit to come in and establish their claims before the master, the lien of such creditors upon the estate will be divested by the sale ; a purchaser at the sale under the decree cannot therefore object that the master has decided wrong as to the existence of such a lien.

If the master improperly rejects the claim of a creditor coming in under the notice in a partition suit, as to his lien upon the premises, the claimant must except to the master's report, if he wishes to preserve his lien upon the purchase money for which the premises are to be sold under the decree.

The purchaser, at a master's sale, cannot object to the title merely on the ground that there is a possibility that some person, other than the parties in the suit, has an interest in the premises, where there is no probability that any such interest exists.

It is an established rule, both at law and in equity, that a mortgage is not evidence of a subsisting title or interest in the mortgagee, if he has never entered under his mortgage, and no interest has been paid, or demanded, thereon for more than twenty years.

THIS was an application to compel the purchasers under a decree of sale in a partition suit, to complete their purchases. The premises were sold by the master as for a good and indisputable title, and as being free from incumbrances ; and the purchasers were allowed a certain length of time to investigate the title. The purchasers afterwards refused to complete their purchases, on the ground of certain alleged incumbrances upon the premises. The title of the parties in this suit was derived from William Griffith, under a sale upon a judgment and execution against him, which judgment was docketed the 18th of February, 1808. It also appeared by the registry of mortgages, that certain mortgages were given by Griffith to Nicholas Owen, and Stephen W. Johnson, respectively, bearing date before the judgment, and which were

*May 6.*

duly registered after the docketing of the judgment, but before the sale of the premises under the execution, in September, 1808. Shortly after the sale, Owen called upon the purchaser for the payment of his two mortgages, but the latter refused to pay them, claiming that they were no longer liens on the premises, as they were not registered previous to the docketing of the judgment, under which the premises had been sold by the sheriff. Neither of the mortgagees had ever been in possession of the premises, and there was no evidence to raise a presumption that any thing had been claimed or admitted to be due on either of the mortgages for more than 25 years. The purchasers also objected that two judgments against the husband of one of the tenants in common, which the master had reported against upon the reference as to general liens, were existing incumbrances upon the life estate of the husband in his wife's undivided interest in the premises.

*J. Edwards & E. Sanford,* for the complainants.

*Julius Rhoades,* for the several purchasers.

THE CHANCELLOR. It is not material to inquire whether the master was right in his conclusion, that the judgments against Bailey were not liens upon the husband's life estate in his wife's share of the premises. By the amendments to the partition law, as adopted by the legislature in 1830, a conveyance to the purchaser, under a partition sale, is a bar against all persons having general liens or incumbrances, by judgment or decree, on any undivided share or interest in the premises sold, in all cases where notice to such creditors has been given as prescribed in the statute. (3 *R. S. App.* 156, § 45, 49.) The purchaser has therefore only to inquire whether a reference has been had, and notice given to the creditors having general liens upon any of the undivided shares, to come in and prove their claims as directed by the statute. The only object of this reference is to enable the court to distribute the purchase money in a proper manner ; and if the master reports against the claim of any person having a lien, by judgment or decree, upon the share of any of the parties, the

claimant must except to the report in due season, to preserve his lien upon the purchase money, which by the statute becomes a substitute for the land itself.

The other objection to the title is of a different character; but upon the facts disclosed, it cannot be sustained. The court neither gives, or requires a vendor to give, to a purchaser, a title against which there can be no possibility of a valid claim. The purchaser is only authorized to object to the title when there is a probability that some other person has a valid claim or subsisting lien upon the premises. In the case of *Giles* v. *Baremore*, (5 *John. Ch. Rep.* 552,) Chancellor Kent lays it down as an established rule, both at law and in equity, that a mortgage is not evidence of a subsisting title or interest in the mortgagee, if he has never entered under the mortgage, and there has been no interest paid, or demand thereof made for 20 years. And he refers to several decisions of the supreme court to the same effect. Here the mortgaged premises have been holden adversely to these mortgages for twenty-five years, and upwards; and there is not the slightest probability that the purchaser at the sheriff's sale, in 1808, or any person claiming under him, has ever admitted the existence of these mortgages as a valid or subsisting lien upon the premises, or that any interest has been paid by them. The mortgagor also died as early as 1812; he could not, therefore, have recognized the mortgage as a subsisting debt, within the last twenty years. And as no claim has been made by either of the mortgagees for such a length of time, the only reasonable conclusion which can be drawn from the facts in this case is, that these mortgages, if they were ever justly due, must have been paid and satisfied by the mortgagor, previous to his death. Although he permitted these particular premises to be sold on execution, yet, from the circumstance that he made a will, which was proved by his executrix in 1812, the presumption is, that he had other property, out of which the mortgages might have been satisfied, either by him or by his personal representatives. I cannot say, therefore, that this is a doubtful title, or that these purchasers run any other risk, in taking the same, than such as purchasers in all cases must necessarily run; that is, that the title may possibly

1834.

Sullivan
v.
Judah.

prove bad, in consequence of some defect therein which cannot now be discovered, or rationally anticipated. An order must therefore be entered, declaring that the purchasers, under the master's deed, will obtain a valid and indisputable title to the lots purchased by them respectively, and that upon the facts disclosed upon this application, the several mortgages to Owen and Johnson are not subsisting liens or incumbrances on the premises ; and directing the purchasers to pay the balance of the purchase money to the master, together with the interest thereof from the first day of April last, within ten days after service of a notice of this order on them, or their solicitors, respectively. They must also pay to the solicitor, for the complainants, the costs of this application within ten days after service of a copy of the taxed bill of costs.