Andrews, J.
I think the referee was justified, by the order of reference and by the practice of the court, in taking proof, and passing upon the question of the validity of the mortgage from Augustus M. Halsted to the plaintiff, although it was not raised by any formal issue in the pleadings. Prior to the Revised Statutes, an incumbrancer upon the undivided share of an estate was not a proper party in the suit for the partition of the whole property. . (Harwood v. Kirby, 1 Paige, 470.) His interest was not affected by the partition. The lien attached to the divided share in case of actual partition, and in case of sale the purchaser took the land subject to the incumbrance. Hnder the Revised Statutes, creditors, having specific liens upon an undivided share of the premises sought to be partitioned, can be made parties to the proceedings (2 R. S., 318, § 10); and persons holding general liens or incumbrances be brought in by notice, so as to bind them by the sale. (§§ 42, 43-62.) In this way the purchaser acquires a perfect title, and a lien upon the fund derived from the sale is substituted for a lien upon the land. Provision was made by the 178th Rule of the Court of Chancery for ascertaining, by a reference to a master, the existence and *445 amount of any liens or incumbrances on any undivided share of the premises, in case actual partition could not be made. The object of this rule was to enable the court to make a distribution of the proceeds among the persons interested. (Dunham v. Minard, 4 Paige, 441.) The inquiry as to the existence and amount of the lien involved the further question as to its validity, if the party against whose share it was claimed to exist contested it. In case the master reported against the lien claimed, exception could be taken to the report, when it was presented for confirmation. (Dunham v. Minard, supra.) It was in the power of the court to order a feigned issue to try the question, if it should deem it proper; but I find no authority for holding that the question of the validity of a lien claimed must be raised by the pleadings, or by a formal issue in any stage of the proceedings.
The question of the distribution of the proceeds of the sale .of any undivided share of the premises, as between the owner and incumbrancers, is collateral to the main purpose of the action. The court, having possession of the fund for distribution, directs proof to be taken upon the reference as to the liens, upon notice to the parties interested, and, upon the coming in of the report, adjudges how the distribution shall be made.
The 80th Pule of the Supreme Court, providing for an order of reference in partition cases, is substantially like the 178th Eule in chancery. The order of reference in this case directed the referee to ascertain and report “ the amount due to any party to the action who has either a general or specific lien upon the premises, or any part thereofand the referee had the right, under the order, to take proof and pass upon the question of the validity of the plaintiff’s mortgage. The evidence justified the finding of the referee, that the mortgage was fraudulent as to the creditors of the mortgagor. The defendant, Stevens, as general assignee of the mortgagor for the benefit of creditors, was in a position to contest the mortgage upon that ground. The assignment conveyed both *446 the joint and several property of the assignors. The firm of Halsted & Putnam was largely insolvent; and there is .no ground for the inference that the mortgagor, when the mortgage was executed, was individually solvent, or that the copartnership creditors were not prejudiced by the execution of the mortgage.
The judgment should be affirmed with costs.
All concur.
Judgment affirmed.