Van Vorst, J.
On behalf of the defendant, Mary S. Van Beuren, it was asked upon the trial that the plaintiff’s complaint be dismissed, upon the ground that the conveyance to the plaintiff is from his wife directly, and is void.
In support of this proposition, I am referred to the case of White r. Wager (25 N. T. 328). That was a suit at law for the recovery of money, in which it was held that a deed executed by a wife, in contemplation of death, to her husband, was wholly ineffectual. There are other cases, which hold, in substance, that such a conveyance, made for a good consideration, may be sustained and enforced in equity (Hunt v. Johnson, 44 N. Y. 27).
Although in this latter case the deed was from the husband to the wife, still the principle upon which the case rests, and its reasoning, would in equity uphold a conveyance, upon a good consideration, from the wife to the husband. The conveyance from the plaintiff’s wife, in evidence, to the plaintiff, was, as it seems, made upon a valuable consideration.
A party may go into a court of equity, upon an equitable title, and .where the question arises upon an *84 equitable title, set up by either of the parties, the court will not suspend or dismiss the proceedings, without doing complete justice between the parties (Hosford v. Merwin, 5 Barb. 51; Code, § 69; 2 Barb. Ch. Prac. 285). Besides, the complaint avers that the plaintiff, and defendant Mary N. Townshend, are in possession as tenants in common of the land: That plaintiff has an estate in fee in the same, consisting of one undivided half part thereof, as tenant in common with said defendant, Mary N. Townshend, who has a like estate.
Now whether the defendant, Mary S. Van Beuren, who claims a lien by way of mortgage on the whole premises, and has no interest other than that which arises from said mortgage, can raise such question, and defeat a partition, is not perhaps necessary to determine.
But I do not think she is in a position, under her answer, to question the plaintiff’s title and possession ais set up in the complaint.
She does not deny, either generally or specifically, the allegations in the complaint in this behalf.
She says that she neither admits nor denies.
Every material allegation of the complaint, not controverted, as prescribed in section 149 of the Code, shall for the purposes of the action be taken as true (Code, § 168).
A defendant cannot, upon the trial, controvert an allegation in the complaint, admitted, by not being denied (Paige v. Willet, 38 N. Y. 28; Tell v. Beyer, Id. 161; Lawrence v. Bk. of Republic, 3 Robt. 142; Spear v. Hart, 3 Id. 420; Moak's Van Bantvoord's Pleadings, 759.)
What remains to be determined, is in respect to the claim of Mary S. Van Beuren, administratrix, one of the defendants under the mortgage, dated June 22, 1838, executed by Samuel N. Stubbs, covering the premises in question, of which he-was then the owner.
*85 In order to have properly commenced this action, for a partition or sale of the premises, it may not have been necessary, in the first instance, to have made the defendant, Mary S. Van Beuren, a party defendant.
A creditor having a specified lien, on the undivided interest or estate of any of the parties, by way of mortgage, is a proper party. But the claim of the defendant, Mary S. Van Beuren, is under a mortgage, covering, not an undivided interest, but the whole premises. In the event of the sale of the premises being ordered, and before any such order would be made, every creditor having a specific lien on the undivided interest, or estate, of any party, would be ordered to be brought in as a party to the proceeding ; and provision is made by statute for a reference to ascertain the amount of the lien on any undivided share, and for its payment and discharge.
There is no corresponding provision in the statute, with regard to a specific lien upon the whole premises. Under such circumstances, a sale, if ordered, the creditor not being made a party, would be made subject to his lien.
The provisions to which allusion has been made, will be found in the Revised Statutes, vol. 3 (5th ed.), p. 605, §§ 11, 13; p. 611, §§ 51, 52, &c.
The defendant, Mary S. Van Beuren, however, makes no objection, by her answer, to having been made a party, but alleges and claims, that the whole principal sum, with interest from December 22, 1839, is now due and unpaid upon the mortgage held by her, and she asks for such judgment, as to her rights, as to the court may seem just and right.
Under such circumstances, it seems necessary to pass upon the validity of her claim, and the lien of her mortgage.
Bogardus v. Parker (7 How. Pr. 305), holds that *86 in a partition suit, the complaint is not defective, because it sets up a claim of one of the defendants to a specific lien on the whole premises sought to be partitioned, and that such claim may be tried, and settled in the action. And that case also holds that the claim of any defendant, whether it be for a specific or general lien, may be disputed in the partition suit, by any of his co-defendants, or by the plaintiff.
That case also states that “if a sale is to be made, it has been usual to make defendants, all persons having any lien on the whole property, or on any undivided share by mortgage, or other specific lien.” See also, Bule 80, supreme court.
The defendant, Mary S. Van Beuren, admits, in her answer, that no payment of principal or interest has been made upon the mortgage since the 22d day of December, 1839, and that no proceedings have been taken, in law or equity, for the recovery of the principal or interest due on the mortgage.
And the question is presented whether the defendant’s mortgage is truly a lien upon the premises, and entitled to be paid out of the proceeds of the sale.
In Dunham v. Minard, 4 Paige, 441, the chancellor held, that it is an established rule, both in law and equity, that a mortgage is not evidence of a subsisting title or interest in the mortgagee, if he has never entered under his mortgage, and no interest has been paid or demanded thereon, for more than twenty years (2 Pernsed Statutes, 301, § 3; Jackson v. Wood, 12 Johns. 242).
In Morey v. Farmers’ Loan & Trust Co. (4 Kern. 302), it was held in an action by the vendee, for the specific performance of a contract under seal, to convey land on the payment of the purchase money, that the presumption arising from the lapse of twenty years, after the money became due, was not sufficient evidence of its payment, to entitle the plaintiff to the *87 relief demanded. The statute (2 Rev. Stat. 301, § 48), being designed to shield defendants, is not applicable in an action for affirmative relief, in a court of equity.
But the complaint in this case does not show that the plaintiff demands affirmative relief against the mortgage.
It sets up simply the fact that the defendant, Van Beuren, holds such mortgage.
She claims payment of the same out of the proceeds, if a sale be ordered. To entitle herself to payment out of the proceeds of the sale of the land, the defendant must establish the amount due and unpaid on the mortgage, and that the mortgage is in fact a lien upon the land. She thus becomes an active moving party.
But when she presents her mortgage to the court for satisfaction, she is met with the presumption of its extinguishment by payment; and which presumption she can repel only in the manner the statute directs (Flagg v. Ruden, 1 Brad. 192).
In Morey v. Farmers’ Loan & Trust Co., supra, it appeared that the debt which the plaintiff sought to avoid, was his own. The obligation to pay rested upon him. But the plaintiff in this case was never under any obligation to pay the mortgage debt. It was the obligation of the mortgagor, and when plaintiff became seized of the land he did not assume its payment. In fact, he was informed by the mortgagor that the mortgage was paid. He had a right to presume, from lapse of time, that the lien of the mortgage was gone.
In Dunham v. Minard, supra, the chancellor held, that a mortgage upon which no interest had been paid or demanded, within twenty years, the mortgagee not having entered into possession, constituted no valid reason for a purchaser rejecting the title. That it could not be “ rationally anticipated ” that any valid *88 claim could be made under the mortgage; that the title was indisputable, and that the mortgage, then under consideration, was not a lien or incumbrance on the premises (Belmont v. O’Brien, 2 Kernan R. 394).
In this view it was not even necessary to have made the defendant, Mary S. Van Beuren, a party to the action, as the lien of the mortgage had ceased to be valid, and it was no longer an incumbrance.
The proceeding taken by the plaintiff under the statute to have the mortgage marked “ satisfied of record,” and which was denied, is no adjudication that the mortgage is in fact unpaid, or is a lien upon the land.
The relief demanded in the complaint is granted, but on the proceeds arising from the sale of the land, the defendant, Mary S. Van Beuren, may not participate under the alleged mortgage.