GEORGE W. MEAD, Appellant, v. MARY E. JENKINS AND Others, Respondents.

*Statute of limitations — when proceedings by a simple contract creditor, to procure the sale of the real estate of a deceased debtor, are not barred by it.*

The right of a simple contract creditor of an intestate to institute proceedings to compel the sale of real estate which has descended to and is owned by his heirs, is not barred by the statute of limitations until the expiration of nine years from the time of the maturity of the debt.

Motion for a reargument.

The case came before the General Term upon an appeal from an order made by the surrogate of Westchester county denying an application to compel a sale of the real estate of one John P. Jenkins, deceased.

The facts and the opinion of the General Term will be found in 27 Hun, at page 570.

*George W. Mead*, for the appellant.

*M. L. Cobb* and *Stephen S. Marshall*, for the respondents.

CULLEN, J. :

In arriving at our former decision of this case we did not wholly overlook the authorities presented to us on this motion by the counsel for the respondents. Some of the cases cited arose on sales made prior to the Revised Statutes. Before that time no period was pre-

scribed by law in which application to the surrogate to sell decedent's real estate must be made, nor was there express provision for parties in interest interposing the statute of limitations to the claims. Then the courts held that the application must be made within a reasonable time, otherwise that the debts of the deceased would constitute a perpetual lien on his real estate. Some of the cases declared what a reasonable time was. In *Gilchrist* v. *Rea* (9 Paige, 66) over nine years had elapsed between the issue of the letters and the application to sell. It was held that there was no power to sell where by lapse of time the debts were barred both as against the personal representatives and the heirs-at-law. But by the Revised Statutes three years was fixed as the term in which the executor or administrator might make application, and a creditor was given the right to compel such proceedings. With the change of the law the authority of the previous cases as to a reasonable time ceased. The provision as to the creditors was afterwards modified, but as it finally stood at the time of this proceeding the creditor, when on an accounting a deficiency of personal assets appeared, could institute the proceeding to sell real estate, and the personal representatives could not answer that the time within which they were allowed to sell had expired.

This necessarily did away with all limit of time for initiating such proceedings by a creditor, except such as the bar of the statute of limitation would make to the claim. The opinion of the surrogate in this respect, in *Ferguson* v. *Broome* (1 Bradf., 10), that the time within which a creditor might pursue this remedy was still discretionary, was *obiter*, and we think it opposed to the statute.

Indeed, the whole argument in both *Gilchrist* v. *Rea* and *Ferguson* v. *Broome* was to show that the land of deceased was not to remain subject to his debts by means of this special proceeding for any longer period than it was at law in the hands of his heirs; not that this proceeding would be barred sooner than an action against the heirs. It is true that both cases speak of a claim against the heir being barred in six years. In the first case this statement was correct, because the land descended to the heir prior to the provision of the Revised Statutes that the heir could not be sued for three years after the decease of his ancestor. In the second case the statement was erroneous. The learned surrogate omitted to notice the effect of the statutory inhibition as to suits within three years against

the heirs, which extended the time for maintaining actions on contract debts from six years to nine.

That such was the effect of this statutory provision had been decided both by Chancery and the Supreme Court prior to the time of Surrogate BRADFORD's decision in the case cited.

It is urged that there is no prohibition against bringing these proceedings immediately after the issue of letters, and, therefore, the additional time allowed to institute suits against the heirs should not be allowed here. But the foundation of the right of the creditor to compel the executor to sell is the account of the executor showing the deficiency of personal assets. (*Sanford* v. *Granger*, 12 Barb., 392.) He cannot call an executor to account till eighteen months after the issue of letters, and then much time may necessarily elapse before the account is made and settled. Therefore, practically, he cannot institute these proceedings on the issue of letters.

The respondent's counsel cites *Dunham* v. *Minard* (4 Paige, 441) to show that the lien of the creditor was cut off by the partition suit. It is not an authority to that effect. In that case the judgments which it was held were cut off by the reference and advertisements were liens upon an undivided share. Nor can we find any authority that general liens upon the whole property, paramount to the title of the tenants in common, are cut off by a partition suit to which the holders of such liens are not parties. It appears that part of the real estate sought to be sold in this proceeding was an undivided third of a tract. This was not called to our notice. The partition suit of that tract cut off the plaintiff's claim, and as to that tract the surrogate's order should have been affirmed.

It is also urged that *Hyde* v. *Tanner* (1 Barb., 75) holds that the lien of the creditors upon the lands of the deceased expires in three years after the issue of letters. This is, doubtless, the case where the lands are in the hands of *bona fide* purchasers without notice of the existence of debts. And the case cited is an authority to that extent alone. Here express notice of appellant's claim to the purchaser was shown. The amendments of 1869 and 1873 provide that lands passed out of the hands of the heirs, to purchasers in good faith and for value, shall not be sold after the

expiration of three years. This would be unnecessary if the lien absolutely expired at that time.

The order hitherto made should be modified so as to affirm the decree of the surrogate as to the tract in which deceased held an undivided interest, and to reverse the remainder of such decree, otherwise the motion for reargument should be denied, without costs.

Present — BARNARD, P. J., DYKMAN and CULLEN, JJ.

Motion to correct order granted so as to affirm decree heretofore made in respect to the tract of land in which deceased held an undivided interest, otherwise the decree of surrogate is reversed, without costs. Reargument denied, without costs. Order to be settled by CULLEN, J.