MARY C. LEINEN, Respondent, v. JOHN J. ELTER and Others, Respondents.

(THE CITY OF ROCHESTER and JOHN A. DAVIS, its Treasurer, Appellants.)

*Judgment in an action of partition — persons having a lien on the entire premises are not affected by the judgment unless they are made parties to the action — Code of Civil Procedure, secs. 1538, 1539, 1557.*

Upon the hearing of a motion to confirm the report of a referee, appointed to sell certain lands in the city of Rochester which this action was brought to partition, it appeared that certain city taxes and assessments, and certain county taxes assessed against the premises were unpaid, and that the lands had been sold by reason thereof and certificates of sale issued to purchasers. A judgment was entered distributing among the parties the proceeds of the sale, except the sum of $1,800, which was held for further distribution, if not needed, to pay the taxes and assessments, and an order was made referring the matter back to the referee, to take proof of the several claims, taxes and liens against the lands and proceeds of sale, by reason of said tax certificates, and to report the same with his opinion thereon to the court; the plaintiff's attorney being required to give eight days' notice of such reference to the said purchasers and to the city of Rochester and the treasurer of Monroe county.

The parties appeared before the referee, who, after receiving evidence as to the mode and manner of making the several assessments, and as to all the proceedings connected with the same, reported to the court that the taxes were illegal and void. Thereafter the court, upon notice to said purchasers and to the city of Rochester and its treasurer, made an order amending the judgment of distribution and directing the payment of the sum reserved, and declaring that the taxes were null and void and that the same were vacated and set aside, and the city of Rochester was permanently enjoined and restrained from making, executing or delivering to either of the purchasers of the certificates any deed in pursuance of the sale.

*Held,* that, as neither the city of Rochester nor its treasurer were parties to the action, the court did not acquire jurisdiction over the subject-matter of the controversy, and that its order should be reversed.

APPEAL by the city of Rochester and its treasurer from the order of the Monroe Special Term, declaring certain general city taxes and assessments, levied and imposed by the common council of the city of Rochester upon a portion of the lands sold under the proceedings had in the above entitled action to be invalid and void, and enjoining and restraining the mayor of said city from exe-

cuting and delivering any lease to any holder of certificates of sales for said taxes and assessments.

This action was brought for the partition of certain lands owned by the parties, as tenants in common, part of which were located within the city of Rochester. By the interlocutory judgment the city lots were ordered to be sold, and were sold, and the proceeds brought into court and distributed among the parties, except the sum of $1,800 which was held by the order of the court for future distribution among the parties, if the same was not needed, or some part thereof, to pay tax liens levied on the lots by the city of Rochester. A general tax had been levied upon the property, and an assessment for local improvements had been made which, in the aggregate, amounted to the sum of about $1,400. The premises had been sold for the general tax and bid in at one of the sales by C. C. Seymour, who received a certificate of sale, and at the other sale by W. W. Chapin, who also received a like certificate, and at the county sale by Lyman Johnson. Mrs. Seymour paid to the city treasurer the sum of $482.62, the full amount of her bid. Mr. Johnson paid on his bid $229.48. The assessments for local improvements were unpaid at the time of the sale of the lots under the decree in the partition suit, and the city claimed that the taxes were all valid and were enforceable in the mode and manner pointed out by the city charter. By the city charter taxes properly assessed are a lien upon the premises, and collection may be enforced by a sale of the same. Neither the city of Rochester or its treasurer were made parties to this action. After the interlocutory decree was entered in the partition suit, and also after the premises were sold and the report confirmed, it was referred to a referee to take proof of the several claims, taxes and liens against the lands and proceeds of sale, by reason of said tax certificates, so held by the purchasers, and to report the same with his opinion thereon to the court, and the plaintiff's attorney was required to give eight days notice to the said purchasers of such reference, and to the city of Rochester and the treasurer of Monroe county. The parties appeared before the referee and proofs were taken as to the mode and manner of making the several assessments and as to all proceedings connected with the sale, which were reported to the court together with the referee's opinion. By his report he found that all the taxes were illegal and

void and thereupon, on notice to the city of Rochester and its treasurer, the court made an order amending the final judgment of distribution and directing the payment of the said sum of $1,800 to the parties, and declared that all the taxes were null and void and the same were vacated and set aside and the city of Rochester was permanently enjoined and restrained from making, executing or delivering to either Seymour or Chapin any deed in pursuance of the said sale. From that order the city of Rochester and its treasurer have taken an appeal.

*Ivan Powers*, for the city of Rochester and John A. Davis, its treasurer, appellants.

*William H. Olmsted*, for the plaintiff, respondent.

*William H. Shuart*, for the infant defendants, respondents.

Barker, J.:

The appellants contend that the order appealed from should be reversed for the reason that the Special Term did not acquire jurisdiction over the subject-matter of the controversy. This question may, very properly, be first considered. I am of the opinion that the appellants' position is entirely correct, and that so much of the order as is appealed from should be reversed without considering the validity of the taxes assessed upon the property and claimed by the appellants to be a valid lien thereon. The premises were assessed as an entire parcel, and the taxes levied thereon, if valid, became a lien upon the whole thereof, and was not limited to the respective share or interest of either of the several common owners. If the taxes in dispute are valid, then they are a general lien or incumbrance on the whole of the premises. This is not disputed by the respondents, the parties to the partition suit, and the proceedings under review were instituted by them to relieve the fund from all claims for taxes and assessments set up by the appellants and mentioned in the order. The taxes being general liens or incumbrances, if valid, the question of their invalidity could not be litigated between the owner of the premises and the city of Rochester in the partition suit, without making the latter a party thereto. The lien and incumbrance, if valid and not paid, may, by appropriate subsequent proceedings instituted by the city,

ripen into an ownership of the land, or a right of possession and use thereof, for a long period of years under the provisions of the city charter authorizing a sale of lands for unpaid taxes. The city may become the purchaser on such sale and possesses the power to transfer a certificate of sale, or to sell the premises, if no redemption is made by the owners. If the owners of the premises desired to question the validity of the taxes and have the same declared void in the partition suit, they should have made the city of Rochester a defendant therein. The statutes regulating partition of lands contains an express provision on the subject, which has not been observed in the partition proceedings, and the omission to do so is fatal to the validity of the order. By section 1538 of the Code of Civil Procedure, it is declared who must be made parties in an action for the partition of land, and persons having liens and incumbrances thereon are not included in such requirement. In the next section it is stated who may be made defendants, and the provision includes all persons who may have a lien or interest on the entire property. If they are made parties, then the final judgment must award to the party holding the lien his entire right and interest in the property, or the proceeds thereof, or the court may reserve or leave unaffected his entire right and interest or any portion thereof. The section then concludes with a broad qualification, intended as a full protection to the parties in interest, and is expressed in the following language: "A person specified in this section, who is not made a party, is not affected by the judgment in the action." In subsequent sections provision is made relative to making persons parties defendant who may have liens and incumbrances on an undivided share, or interest in the property, and for the ascertainment of the liens of creditors upon the several shares of the several owners. (Secs. 1540, 1557, 1561, 1578.) In another section, 1557, the effect of final judgment in a partition suit is declared, and it is therein expressly stated that a final judgment shall not affect the rights and interests of persons, as reserved in section 1539. By chapter 393 of the Laws of 1883, section 1578 is amended, and it is there provided that a party having any specific lien upon an undivided share or interest at the time of the filing of the notice of the pendency of the action, shall not be affected by the judgment unless he is also made a party thereto. Prior to the

Revised Statutes an incumbrancer upon an undivided share of an estate was not a proper party to a suit for the partition of the whole property. The interests were not affected by the partition. The lien attached to the divided share in case of actual partition, and, in case of sale, the purchaser took the land subject to the incumbrance. Under the Revised Statutes creditors having specific liens upon an undivided share of the premises sought to be partitioned could be made parties to the proceedings, and persons holding general liens or incumbrances might be brought in by notice, so as to bind them by the sale. (2 R. S., 318, § 10; id., 324, §§ 42, 43; id., 327, § 62; *Harwood* v. *Kirby*, 1 Paige, 470; *Halsted* v. *Halsted*, 55 N. Y., 442.)

In that way the purchaser acquired a perfect title, and a lien upon the fund derived from a sale was substituted for a lien upon the land. The rule as established by the Revised Statutes, enlarging the power of the court in partition cases so as to displace liens upon the property and transferring the same to the fund, has been preserved by the provisions of the Code of Civil Procedure. But general liens upon the entire property, or general or special liens upon individual shares existing at the time of the filing of the notice of the pendency of the suit, cannot be affected by the final judgment unless the parties having the liens are made defendants, thus securing to the lienors their day in court, so that they may protect their interests. I am unable to find any case where it has been held that a general lien upon the whole property, paramount to the rights of the tenants in common, can be cut off or affected unless the person having the lien is made a party. It seems certain that the legislature intended that persons claiming to have adverse liens may be made parties defendant in a partition suit, at the election of the moving party, and their validity be adjudicated therein. (Sec. 1539.) But as doubts have been entertained upon that question by the higher courts, we do not express any opinion upon the subject, as it is unnecessary for us to do so in disposing of the pending appeal. (*Barnard* v. *Onderdonk*, 98 N. Y., 158; *Jordan* v. *Van Epps*, 85 id., 427.)

What may be the views of the respondents' counsel on the question which we have considered, we are not advised, as in their printed brief they make no reply to the argument of the appellants

that the Special Term had no jurisdiction over the subject-matter. We have not looked into the record for the purpose of determining whether the taxes were valid or not, as we have reached the conclusion that if we should concur with the Special Term, that they are void, then the order could not stand, as the court was without jurisdiction to determine that question.

The order of the Special Term, as to the parties who have appealed, is reversed, with ten dollars costs of this appeal and disbursements.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order reversed, as to appellants, with ten dollars costs and disbursements.